[No. 3,648.]

# I. H. LESZINSKY *v.* P. J. WHITE.

AFFIDAVITS FOR A CONTINUANCE.—A continuance will not be granted because of the absence of a witness, unless the affidavits in support of it show that diligence has been used to procure the attendance of the witness, or to obtain his deposition.

AFFIDAVITS ON MOTION FOR NEW TRIAL.—Affidavits used on a motion for a new trial will not be considered on appeal, unless they are made a part of the record, by being identified as having been used on the hearing of the motion, or are made a part of the statement.

ATTACKING SALE OF PROPERTY FOR FRAUD.—In an action to recover damages for taking personal property, the defendant, who has taken the property from the plaintiff, will not be permitted to show in defense that the former owner made a fraudulent sale of the property to the plaintiff, unless, in his answer, he makes himself the representative of the former owner, and alleges he was defrauded by the sale.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

Peter Ramsay owned personal property in a boarding house, restaurant, and barroom, consisting of tables, furniture, stove, cooking utensils, bar fixtures, liquors, etc., and on the 23d of March, 1871, gave the plaintiff a bill of sale of the same. The goods were of the value of from six hundred to one thousand dollars. On the 25th of March, 1871, the defendant took the said goods from the plaintiff, and afterwards sold them. The defendant was the Sheriff of the City and County of San Francisco. It does not appear by the record why the defendant took the property.

The complaint contained the usual allegations of the plaintiff's ownership and possession of the property, and the unlawful taking of the same by the defendant. The answer did not set up any special defense, but merely denied the allegations of the complaint.

The affidavits for a continuance were based on the alleged absence of C. P. Gerichten, who, it was alleged, would testify that Ramsay told him he had sold his property to the

plaintiff to defraud his creditors.   On the trial plaintiff introduced Ramsay as a witness.   Defendant, on cross-examination, sought to prove by him that he had sold his property to the plaintiff to defraud his creditors, but the Court, on plaintiff's objection, refused to allow him to do so, on the ground that the answer did not permit the defendant to attack the good faith of the sale.   The plaintiff also was introduced as a witness in his own behalf, and on cross-examination the defendant sought to prove by him that, after the sale, Ramsay remained in possession of the property, but the Court refused to allow it for the same reason.   The affidavits on motion for a continuance were printed in the transcript, but were not included in the statement, nor were they identified as having been used on the hearing of the motion for a new trial.   The plaintiff recovered judgment, and the defendant appealed from the judgment and an order denying a new trial.

The other facts are stated in the opinion.

*Rogers & Newman,* for Appellant.

*F. P. Dann,* for Respondent, cited *Glazier* v. *Clift,* 10 Cal. 303; *Richardson* v. *Smith,* 29 id. 529; *Knox* v. *Marshall,* 19 id. 622; *Bickerstaff* v. *Doub,* 19 id. 112; Stats. 1850, Sec. 20, p. 268; *Bridges* v. *Page,* 13 Cal. 640; *Piercy* v. *Sabin,* 10 id. 22; *Goddard* v. *Fulton,* 21 id. 430; *Thornburg* v. *Hand,* 7 id. 554; *Towdy* v. *Ellis,* 22 id. 650.

By the Court:

This is an action to recover damages for the conversion of certain goods and chattels by the defendant.   The answer denies the plaintiff's ownership of the goods, the value thereof as stated in the complaint, or that the defendant had converted them to his own use.   The plaintiff had judgment,

and the defendant appeals from the judgment and from the order denying his motion for a new trial.

There was no error in denying the defendant's motion for a continuance. The affidavits show no diligence to produce the witness or his deposition at the trial, and, besides, they are not identified or made part of the record. Nor was there any error in the rulings of the Court in the rejection of testimony offered by the defendant. The defendant did not make himself, by his answer, the representative of any of the creditors of Ramsay, and he was not, therefore, entitled to call in question the bona fides of the sale of the goods made by Ramsay to the plaintiff.

Judgment and order affirmed, with ten per cent damages. Remittitur to issue forthwith.