[No. 119.   Third Appellate District.—July 7, 1905.]

## Ex Parte HARRISON BOYNTON.

HABEAS CORPUS—INSUFFICIENT COMPLAINT FOR DISTURBING PEACE.—A complaint for disturbing the peace and quiet of complainant on certain streets in a town by then and there using vulgar and profane language in the presence and hearing of said complainant and in the presence and hearing of women and children on the said streets is insufficient to state a public offense in that it does not charge that it was done ''in a loud and boisterous manner,'' nor state anything to connect the language used with ''offensive conduct.'' A defendant held under such complaint is entitled to be discharged upon *habeas corpus*.

HABEAS CORPUS to test the validity of a justice's sentence for misdemeanor in the town of Suisun City, Solano County.

The facts are stated in the opinion of the court.

A. Campbell, for Petitioner.

T. T. C. Gregory, District Attorney of Solano County, for Respondent.

BUCKLES, J.—The petitioner comes before this court on a writ of *habeas corpus*. He was arrested in the town of Suisun City on a warrant for disturbing the peace. He was brought before the justice of the peace and pleaded guilty, and on the ninth day of June, 1905, was sentenced to sixty days' imprisonment in the county jail of Solano County. Petitioner claims the complaint on which he pleaded guilty charges no public offense. The charging part of said complaint is as follows:—

''Did willfully and unlawfully and maliciously disturb the peace and quiet of said Chas. H. Downing, on Solano and Main streets in the said town of Suisun City, by then and there using vulgar and profane language in the presence and hearing of said Chas. H. Downing, and in the presence and hearing of women and children on the said streets of the said town of Suisun City.''

It was evidently intended, and the district attorney admits as much on the argument, to charge the petitioner with dis-

turbing the peace by using "vulgar and profane language in the presence or in the hearing of women and children in a loud and boisterous manner," as provided in the latter part of section 415 of the Penal Code. If such was the intention, then the complaint fails to charge a public offense, because it leaves out what seems to us to be the very necessary matter to complete the offense, to wit, "in a loud and boisterous manner." The district attorney claims, however, that the complaint states the crime of disturbing the peace by offensive conduct, which consists in using vulgar and profane language in the presence and hearing of Downing and in the presence and hearing of women and children. But we think this view cannot be maintained, because there is no allegation in the complaint that the peace of Downing was disturbed because of offensive conduct. It may be true, and most likely is, that the vulgar and profane language used by petitioner was offensive to Downing, but he does not so charge in his complaint, and there is nothing in the complaint to connect the language used with "offensive conduct." The cases cited by the district attorney from the states of Missouri, Texas, Michigan, Arkansas, and South Carolina, whatever application they may have under the statutes in those states, do not support the contention of the district attorney when attempted to be applied to the provisions of section 415 of the Penal Code of this state. The complaint charges no public offense, and the petitioner is entitled to his discharge.

Petitioner will be discharged.

McLaughlin, J., and Chipman, P. J., concurred.