[Crim. No. 1391.   In Bank.—March 14, 1907.]

## In the Matter of the Application of A. RUEF for a Writ of Habeas Corpus.

CRIMINAL LAW—GRAND JURY—COMPETENCY OF GRAND JUROR—VALIDITY OF INDICTMENT.—Under sections 896 and 995 of the Penal Code the fact that one of the members of a grand jury had served and been discharged as a juror by a court of record of this state within a year of the time that he was summoned and impaneled to act as a grand juror does not affect the validity of an indictment found by the grand jury.

ID.—HABEAS CORPUS—SUFFICIENCY OF INDICTMENT.—On *habeas corpus* the inquiry into the sufficiency of an indictment is limited, and where an indictment purports or attempts to state an offense of a kind of which the court assuming to proceed has jurisdiction, the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on *habeas corpus.*

ID.—ADMISSION TO BAIL—APPEARANCE FOR TRIAL.—Under section 1129 of the Penal Code the trial court has discretion to grant or refuse bail to a defendant who has appeared for trial, and may commit him to custody to abide the judgment or further order of the court; and on an application on *habeas corpus* for admission to bail by a defendant under indictment the petition must affirmatively show that he has not appeared for trial.

APPLICATION for a Writ of Habeas Corpus directed to W. J. Biggy, an elisor appointed by the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Henry Ach, Samuel M. Shortridge, Frank J. Murphy, and Charles H. Fairall, for Petitioner.

William H. Langdon, District Attorney, and Francis J. Heney, Assistant District Attorney, for Respondent.

THE COURT.—A petition for a writ of *habeas corpus* is presented by A. Ruef, who alleges that he is restrained of his liberty and held in custody under bench warrants issued by the superior court upon five indictments purporting to charge him with the crime of extortion.

Three grounds for the issuance of the writ are urged.

1. It is alleged that one of the members of the grand jury which found and returned the indictments was not competent, by reason of the fact that he had served and been discharged as a juror by a court of record of this state within a year of the time that he was summoned and impaneled to act as such grand juror. (Code Civ. Proc., sec. 199.) We are of opinion that this does not affect the validity of an indictment found by the grand jury. The Penal Code enumerates the grounds upon which an indictment may be set aside. (Pen. Code, sec. 995.) One of these grounds is "any ground which would have been good ground for challenge—to any individual grand juror." The Penal Code (sec. 896) provides for a challenge to an individual grand juror for six specified grounds *only*. The particular incompetency here relied on is not included. We think that the legislature, in declaring that persons who had been discharged as jurors within a year should not be competent, and at the same time denying to a defendant indicted by a grand jury including one or more such persons any remedy by way of motion or challenge, in effect provided that if the statutory rule prohibiting the service of such persons were not obeyed, the departure should not invalidate any indictment found. (Cf. Pen. Code, sec. 901.) Any statutory incompetency which is not made a basis for a challenge under Penal Code section 896 must be regarded as a mere direction to the court impaneling the jury.

2. It is claimed that the indictments failed to state a public offense. On *habeas corpus* the inquiry into the sufficiency of an indictment is limited. We think the true rule is that where an indictment purports or attempts to state an offense

of a kind of which the court assuming to proceed has jurisdiction the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on *habeas corpus.* Here the indictments clearly attempt to charge extortion, a crime defined by section 518 et seq. of the Penal Code, and within the jurisdiction of the superior court. Without expressing any opinion as to whether these indictments should be held to be good on demurrer or other direct attack, they are at least not, under the rule stated, so defective as to permit us to hold them void in this proceeding.

3. It is claimed that the writ should issue to admit the petitioner to bail, it being alleged that the superior court has refused to so admit him. Under section 1129 of the Penal Code, the trial court has discretion to grant or refuse bail to a defendant who has appeared for trial, and may commit him to custody to abide the judgment or further order of the court. The petition before us does not show that the defendant has not appeared for trial. This showing should be made affirmatively, in order that a case be presented entitling petitioner to bail.

The petition is denied.