[Crim. No. 77. First Appellate District.—May 27, 1907.]

Ex Parte J. P. MOGENSEN on Habeas Corpus.

MUNICIPAL INCORPORATION ACT—AMENDMENT—TOWNS OF SIXTH CLASS —REPEAL OF CODE PROVISIONS.—By the amendment of the municipal incorporation act, March 9, 1903, section 3366 of the Political Code was repealed by implication, as far as regards towns of the sixth class.

ID.—MUNICIPAL ORDINANCE—PROHIBITION OF LIQUOR TRAFFIC—POLICE POWER.—By the re-enactment of subdivision 10 of section 862 of the municipal act of 1883 in the amended municipal incorporation act of 1903, as respects towns of the sixth class, a town of that class has police power under section 11 of article XI of the constitution to pass a municipal ordinance prohibiting the liquor traffic.

ID.—HABEAS CORPUS—SUFFICIENCY OF COMPLAINT.—A complaint charging conjunctively in the language of the ordinance all of the alternative prohibitions therein contained, as having been unlawfully and willfully done on a date specified must be deemed, upon *habeas corpus,* to be certainly a sufficient statement of the offense intended to be charged.

ID.—SUFFICIENCY OF JUDGMENT—RECITAL OF VIOLATION OF ORDINANCE —DESIGNATION OF OFFENSE.—A judgment of conviction reciting that the petitioner was duly convicted of violating an ordinance of a town named of the sixth class, designated by its number and title, and adjudging the offense of violating the same, as charged in the complaint, and that it be punished by a suitable fine, contains a sufficient designation of the offense charged.

APPLICATION for discharge under a writ of *habeas corpus* from the custody of the sheriff of Santa Clara County, under a conviction upon a charge of violating an ordinance of the town of Los Gatos.

The facts are stated in the opinion of the court.

A. H. Jarman, and R. F. Robertson, for Petitioner.

James H. Campbell, District Attorney, for Respondent.

KERRIGAN, J.—The petitioner was convicted upon a charge of violating an ordinance of the town of Los Gatos, prohibiting the alcoholic liquor traffic. He seeks, by writ of *habeas corpus,* discharge from the custody of the sheriff of the county of Santa Clara.

This proceeding, among other things, involves an inquiry into the validity of that ordinance. It was passed June 28, 1906, and is called "Ordinance Number 130." The part germane to this examination is as follows:

"Section 1. It shall be and is hereby made unlawful for any person or persons either as owner, principal, agent, servant, employee or otherwise, to establish, open, keep, maintain, or carry on, or assist in establishing, opening, keeping, maintaining or carrying on, within the corporate limits of the Town of Los Gatos, any tippling house, dramshop, cellar, saloon, bar, sample room, hotel or other place where spirituous, vinous, malt or mixed liquors are sold, given away, handed out, purveyed or furnished."

Section 2 provides that such liquors may be sold for medicinal, chemical and mechanical purposes as provided therein.

Section 3 declares violations of the ordinance to be misdemeanors, and fixes a punishment therefor.

The power to pass such an ordinance is granted in section 11 of article XI of the state constitution. (*Ex parte Campbell,* 74 Cal. 20, [5 Am. St. Rep. 418, 15 Pac. 318]; *Ex parte Noble,* 96 Cal. 362, [31 Pac. 224]; *Ex parte Christensen,* 85 Cal. 208, [24 Pac. 747].) It can only be invalidated by some general law of the state with which it is in conflict.

Petitioner contends that since the cases just cited were decided, the general law has been changed by section 3366 of the Political Code, which, he argues, empowers legislative bodies of incorporated cities and towns to regulate by licensing, but not to prohibit, a business not forbidden by law. So far as towns of the sixth class are concerned, of which Los Gatos is one, this section of the Political Code was repealed by implication by the amendment of the municipal

incorporation act of March 9, 1903. (*Ex parte Jackson,* 143 Cal. 566, [77 Pac. 457].) This amendment re-enacted subdivision 10 of section 862 of the municipal incorporation act of 1883, [Stats. 1883, p. 270], under which the Campbell and Noble cases, *supra,* were decided. Those cases, then, are decisive of the validity of the ordinance questioned in this proceeding.

The sufficiency of the complaint is challenged on the ground that it does not state a public offense. The complaint charges conjunctively in the language of the ordinance that petitioner unlawfully and willfully, on or about the eighteenth day of September, 1906, did all the things prohibited by the ordinance. On *habeas corpus* this is certainly a sufficient statement of the offense intended to be charged. (*Ex parte Ruef,* 150 Cal. 665, [89 Pac. 605].) In that case it is said: "On *habeas corpus* the inquiry into the sufficiency of an indictment is limited. We think the true rule is that where an indictment purports or attempts to state an offense of a kind of which the court assuming to proceed has jurisdiction, the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on *habeas corpus.*"

The validity of the judgment is also challenged. It is asserted that it fails to state the offense of which the petitioner was convicted. The judgment recites that the petitioner was duly convicted of the crime of violating ordinance No. 130 of the town of Los Gatos, entitled, "An Ordinance relative to the Alcoholic Liquor Traffic in the said Town of Los Gatos," and adjudges "as punishment for the offense of violating Ordinance No. 130 of said Town of Los Gatos, committed as charged in the complaint as aforesaid, that defendant Mogensen pay a fine of Three hundred dollars. . . ." This judgment contains a sufficient designation of the offense charged. (*Ex parte Murray,* 43 Cal. 455.)

The petitioner is therefore remanded.

Cooper, P. J., and Hall, J., concurred.