[Crim. No. 125. First Appellate District.—February 6, 1908.]

## Ex Parte JOSEPH F. UPSON, on Petition for Habeas Corpus.

CRIMINAL LAW—PLEA OF GUILTY OF LIBEL IN POLICE COURT—HABEAS CORPUS AFTER JUDGMENT—SUFFICIENCY OF COMPLAINT.—Where a defendant charged with libel in the police court pleaded guilty, without testing the sufficiency of the statement of facts in the complaint by demurrer, or by appeal in the ordinary way, this court will not, upon *habeas corpus*, after judgment examine the question of the sufficiency of the statement of facts in like manner as if it had been so directly tested. It is sufficient upon application for such writ that the complaint purported to, and attempted to, state an offense of which the police court had jurisdiction.

ID.—RULE APPLICABLE ON HABEAS CORPUS IN INFERIOR COURTS.—Where an inferior court has jurisdiction of the person of the defendant and of the subject matter of the offense attempted to be charged, the same rule applies on *habeas corpus* after judgment as if the writ ran in like manner to a superior court. *Ex parte Boynton,* 1 Cal. App. 294, not followed.

ID.—PRIOR DENIAL OF WRIT—RENEWAL OF APPLICATION—IMPROPER PRACTICE.—Where a prior writ was heard in this court, and the petitioner remanded, it is improper practice for the petitioner to renew the application, without having first obtained permission so to do.

PETITION for writ of *habeas corpus* to the Chief of Police of the City of Oakland.

The facts are stated in the opinion of the court.

Frank J. Murphy, for Petitioner.

COOPER, P. J.—The petitioner alleges that he is restrained of his liberty by the chief of police of the city of Oakland under and by virtue of a judgment duly given and made by the police court of said city, which judgment was entered upon a plea of "Guilty" to the charge set forth in a complaint in writing, which complaint is annexed to the petition herein. Said complaint states that the prisoner, in the city of Oakland, on the fourteenth day of August, 1907, did maliciously, with intent to injure the integrity and good name of one W. Parker Lyon, publish "certain lewd, obscene, indecent and defamatory pictures" of said Lyon, "then and there, well knowing the same to be lewd, indecent and false, contrary to the statute," etc.

It is claimed that the facts stated in the complaint are not sufficient to constitute a public offense, and hence that the petitioner should be discharged on *habeas corpus*.

If the complaint is defective in not showing in what way the pictures were lewd or obscene or indecent the prisoner could have raised the question by demurrer to the complaint in the police court. It will be presumed that the court would have ruled correctly upon the point, and if it did not do so the prisoner could have appealed to the superior court of the county in the regular manner provided by law, and there have had the matter determined. Not having done so, having pleaded guilty to the offense charged in the complaint, we will not now on *habeas corpus* examine as to whether or not the facts were as fully set out in the complaint as they should have been if tested by demurrer, or by appeal in the ordinary way. The complaint purported to and attempted to state an offense of which the police court had jurisdiction. That is sufficient when tested by the writ of *habeas corpus* after judgment. (*Ex parte Ruef,* 150 Cal. 665, [89 Pac. 605] ; *Ex parte Mogensen,* 5 Cal. App. 596, [90 Pac. 1063].)

Counsel for petitioner claims that the rule as above stated does not apply to an inferior court such as a justice of the peace or a police court. We see no reason for such distinction. In an inferior court the record or evidence of its proceedings must affirmatively show jurisdiction of the person of the defendant and of the subject matter; but when it is shown that the court had jurisdiction of the person of the defendant and of the subject matter, the rule as to the attempt to state the

facts in the complaint is the same as in the superior court. If any distinction should be made it would seem that the pleadings in an inferior court, or in a court of limited jurisdiction, should be less strictly construed, because they are often drawn by justices of the peace or persons not learned in the law or regularly admitted to practice. Here it is not claimed that the police court had no jurisdiction of the person of the defendant, or of the crime of libel, which was attempted to be charged in the complaint.

We are cited by counsel for the petitioner to *Ex parte Kearney*, 55 Cal. 212, which we have carefully examined. While that case contains statements that do not appear to have been necessary to the decision, it is not, as to the question before the court, in conflict with what we have said. It was there held that it affirmatively appeared that the prisoner was tried and sentenced for an act which was not a crime. The court said: "This is not the case of a complaint inartificially drawn, which intimates the existence of the facts necessary to the constitution of the offense, or even of an attempted statement insufficient but indicating a purpose to declare on the essential facts."

In *Ex parte Boynton*, 1 Cal. App. 294, [82 Pac. 90], in the third appellate district, the court discharged the prisoner for the reason that the complaint in the justice's court did not state facts sufficient to constitute a public offense. It does not appear that the court's attention was called to the rule as here stated, and the point is not discussed. We therefore do not deem it our duty to follow the practice of that case.

We might deny the writ asked for here for the reason that a prior petition for a writ was granted by this court, and heard in December, 1907, and the prisoner remanded. No permission has been obtained to renew the application. After a petition for a writ of *habeas corpus* has been granted, the matter argued, and the prisoner remanded, to allow here a new petition for another writ by the same defendant for the same offense, but by different counsel, and upon a different ground from that stated in the original petition, is a practice that certainly should not be encouraged. If a case could arise in which it might be deemed advisable to apply for a second writ after a similar application had been denied, the

orderly and proper way would be to apply to the court for leave to file a new petition.

The writ is denied.

Hall, J., and Kerrigan, J., concurred.