[Crim. No. 227. Third Appellate District.—June 16, 1913.]

In the Matter of the Application of EARL GOLDS-WORTHY, for a Writ of Habeas Corpus.

JUVENILE COURT LAW—CONTRIBUTING TO DELINQUENCY OF MINOR—ABSENCE OF PRIOR DELINQUENCY.—Under section 26 of the Juvenile Court Law (Stats. 1911, p. 65-8), the crime of contributing to the dependency or to the delinquency of a minor may be committed with or upon a minor who does not, prior to the offense, possess any of the characteristics of dependency or delinquency in the sense of the statute.

ID.—INFORMATION CHARGING DELINQUENCY—NECESSITY OF SETTING FORTH FACTS.—An information charging the offense of contributing to the dependency of a minor must set forth the facts which made such minor a dependent, unless the minor has previously been adjudicated by the juvenile court a dependent person, in which case it would be sufficient to plead such adjudication.

Id.—Sufficiency of Information—Absence of Express Allegation of Dependency.—An information which alleges that the defendant endeavored to induce and persuade the female minor therein named to lead an idle, dissolute, and immoral life by importuning and coercing her to enter a house of prostitution, and that he had sexual relations with her, sufficiently charges the offense, although it does not directly or expressly declare that the minor is a dependent person.

Id.—Sufficiency of Information—Testing on Habeas Corpus.—The information is not to be examined so critically on *habeas corpus* as informations or indictments are scrutinized when their sufficiency is subjected to the test of a demurrer. It is enough, on such collateral attack, that the information attempts to state an offense of a kind of which the superior court, sitting as a juvenile court, has jurisdiction.

APPLICATION for Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

Martin I. Welch, for Petitioner.

John Q. Brown, for Respondent.

HART, J.—The petitioner was convicted by a jury in the superior court of Sacramento County of the crime of contributing to the dependency of one Beulah Willard, a minor female child, under the age of twenty-one years, and was thereupon sentenced by said court to an imprisonment of one year in the county jail of said county.

He contends that the information upon which he was prosecuted and convicted wholly fails to state a public offense or any crime known to the law, that the judgment of imprisonment imposed upon him is, therefore, absolutely void, and he in consequence entitled to his release from the custody of the sheriff of Sacramento County, by whom he is now restrained of his liberty by the authority of the commitment issued on said judgment, and restored to his liberty through the writ of *habeas corpus*. To achieve that object he has inaugurated this proceeding.

The information is based on the provisions of section 26 of the Juvenile Court Law, [Stats. 1911, p. 658], and its allegations read in part as follows: "That one Beulah Willard, at

the said county of Sacramento, . . . and before the filing of this information, was then and there a female minor child under the age of twenty-one years, to wit: of the age of nineteen years or thereabouts, and was then and there in said county of Sacramento, . . . and not then and there an inmate of any state institution, and was then and there easily influenced, coaxed and controlled by artful and designing persons and in danger of being brought up to lead an idle, dissolute and immoral life, and the said defendant, Earl Goldsworthy, is and at all times herein mentioned was an artful and designing person, and did then and there coax, influence and work upon the sympathies of the said minor, Beulah Willard, and endeavor to persuade her to lead an idle, dissolute and immoral life, and cause her to become under the domination, influence and control of said defendant, and she was then and there under the influence, domination and control of said defendant, and that said defendant, on the said......day of February, 1913, at the said county of Sacramento . . . and before the filing of this information, did then and there willfully, unlawfully and feloniously encourage and contribute to the dependency of said Beulah Willard, a minor as aforesaid, by said defendant then and there influencing, coercing and importuning said minor to enter a house of prostitution and to lead an idle, dissolute and immoral life, and said defendant did then and there have and accomplish with said Beulah Willard, a minor as aforesaid, the act of sexual intercourse, the said minor not then and there being the wife of said defendant.''

It is argued, in behalf of the petitioner, that, to state the offense sought to be charged against the prisoner, it was not only requisite to allege that the minor named was, at the time the petitioner is alleged to have committed the acts charged in the information against him, a ''dependent person,'' within the meaning of that phrase as it is used in the Juvenile Court Law, but that it is equally necessary to set forth with proper particularity the facts constituting such dependency, and that the information upon which the petitioner was convicted absolutely fails to satisfy the test thus suggested.

We are unable to go with counsel for the petitioner to the full extent to which his argument would carry us; for, obviously, the result to which the argument would necessarily lead

is that the crime of contributing to the dependency of a minor cannot, consistently with either the letter or intent of the statute above referred to, be committed with or upon a minor who is not, at or prior to the time the act or omission contributing to or causing his dependency was committed, already a "dependent person" within the definition of that phrase as given by said statute, and to this view of the Juvenile Court Law we are not prepared to subscribe. It is to be conceded that the language of section 26 of said law is somewhat obscure or not as clear as it should be, and that, upon a mere superficial examination, it might appear to be susceptible of the interpretation given it here by counsel, yet a careful analysis of the provisions of said section by the light of the general purpose which is designed to be accomplished by the Juvenile Court Law can reasonably result in the crystallization of no other conclusion than that either the crime of contributing to the dependency or that of contributing to the delinquency of a minor may be committed on a minor who does not himself, prior to the time of the perpetration of the act or acts constituting such crimes, possess any of the characteristics of dependency or delinquency, in the sense of the statute. It would be strange and, indeed, incomprehensible if it were true that the legislature, in the enactment of a law whose paramount purpose is to protect and conserve the moral welfare of minor persons, while prescribing punishment for those contributing to the dependency or delinquency of a minor already a dependent or delinquent person, should not make any provision for the punishment of those contributing to or causing the dependency or delinquency of such person in the first instance. We do not say that the legislature, had it desired to do so, could not have made these crimes consist entirely of acts with or upon minors who were, prior to the time of the commission of such acts, already dependents or delinquents within the meaning of those terms as they are defined by the juvenile law. What we do say is that there is no imaginable reason why the legislature should so frame such a law, and that the courts will not hold that such was the intention of the legislature in the enactment of the statute involved here unless they are compelled to do so by the plain and unambiguous terms of the statute itself or by language clearly indicating such to have been the legislative intent.

We think that there can be no possible ground for doubting that the true construction of section 26 of the Juvenile Court Law will bring within the purview of its provisions any conduct upon the part of a person which results in causing or contributing to the dependency or delinquency of the minor persons described by said act, whether such dependency or delinquency is thus brought about before or after such minor persons have become impressed with the character of dependency or delinquency within the legal sense of those terms. In other words, we think it is clearly true that, if a person, by certain acts or conduct, contributes to or causes a minor person, theretofore possessing the most exemplary character, morally, to become a dependent or a delinquent person in the statutory sense of those terms, such person so contributing to or causing such dependency or delinquency is guilty of a misdemeanor under the terms of the law in question.

Section 26 reads, in part: "In all cases where any child shall be dependent or delinquent under the terms of this act, the parent or parents, legal guardian or person having the custody of such person or *any other person* who shall, by any act or omission, encourage, *cause* or contribute to the dependency or delinquency of such person shall be guilty of a misdemeanor," etc. This language, as before suggested, is not altogether free from ambiguity, but it cannot be doubted that it may reasonably be held to mean and, indeed, that by it the legislature intended to say that, where any child shall be dependent or delinquent under the terms of said act, whoever shall have contributed to or caused such dependency or delinquency shall be guilty of a misdemeanor. We do not hold that this is the limit of the scope or meaning of said language, but it certainly means that much and thus contemplates the punishment of the person whose act or omission constitutes the genesis of such dependency or delinquency.

We are, however, in accord with the contention that in a case of this character, to properly and sufficiently state the offense charged in the information here, it is necessary to set forth the facts which made such minor a dependent, unless the minor had previously been adjudicated by the juvenile court a dependent person, in which case it would be sufficient to plead such adjudication. (*People* v. *Pierro,* 17 Cal. App. 741, 744, [121 Pac. 689].)   This is as far as the Pierro case

goes, it not being therein held, as counsel seems to understand the opinion, that the minor must have been a dependent person before the crime charged here may be committed.

The information in the case at bar does not directly or expressly declare that the minor therein named is a dependent person, but it does contain a statement of the facts descriptive of the petitioner's acts with and upon the minor which, under the law in question, impress her with the character of dependency. Section 2 of the Juvenile Court Law (Stats. 1911, p. 658, et seq.) defines a dependent person to be one who is guilty of any one or more of a number of different and distinct acts or omissions which are enumerated in sixteen different subdivisions of said section. By subdivision 16 any person, who is a minor under and for the purposes of said law, "who from any cause is in danger of growing up to lead an idle, dissolute or immoral life," is declared to be a dependent person.

The information, as we have seen, alleges that the petitioner endeavored to induce and persuade the female minor therein named to lead an idle, dissolute, and immoral life, by importuning and coercing her to enter a house of prostitution, and that he had sexual relations with her. Obviously, the acts of the petitioner with and upon said minor as thus disclosed by the information constituted her a dependent person, the acts themselves having contributed to and caused such dependency. We cannot conceive of anything more which could have been alleged to charge the petitioner with the crime of contributing to the dependency of said minor.

The information here is not, however, to be examined as critically as informations or indictments are scrutinized when their sufficiency is subjected to the test of a demurrer. In other words, and in the language of the supreme court in the *Matter of Ruef, on Habeas Corpus,* 150 Cal. 665, [89 Pac. 605], "on *habeas corpus* the inquiry into the sufficiency of an indictment is limited." It is further said in that case: "We think the true rule is that where an indictment purports or attempts to state an offense of a kind of which the court assuming to proceed has jurisdiction, the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on *habeas corpus.* Here the indictments clearly attempt to charge extortion, a crime de-

fined by section 518 et seq. of the Penal Code, and within the jurisdiction of the court. Without expressing any opinion as to whether these indictments should be held to be good on demurrer or other direct attack, they are at least not, under the rule stated, so defective as to permit us to hold them void in this proceeding.''

If, then, we were required on demurrer to question the sufficiency of the information in the case at bar, still, in this collateral attack thereon, under the rule above announced, we would not be at liberty to hold it void, since it at least purports or attempts—a very excellent attempt, too—to state an offense of a kind of which the superior court, sitting as a juvenile court, has jurisdiction.

The case of *Ex parte Boynton,* 1 Cal. App. 294, [82 Pac. 90], cited by counsel for the petitioner in support of the proposition that, in a proceeding of this character, an information may be looked into for the purpose of determining whether it states facts sufficient to constitute the offense sought to be charged, is not in point here. There the inquiry was, whether a complaint, filed in a justice's court, charging the petitioner with an ordinary or low-grade misdemeanor, of which such inferior courts have jurisdiction, contained facts sufficient to state the offense thus attempted to be charged. The court of appeal examined the complaint as critically as if it were challenged by demurrer, held that it failed to state an offense against the petitioner and discharged him from custody.

In the examination of the sufficiency of complaints in ordinary misdemeanor cases, cognizable in justices' courts, the rule applied in the Ruef case, cannot be invoked in this state. (*Ex parte Greenall,* 153 Cal. 767, 770, [96 Pac. 804]; *Ex parte Kearney,* 55 Cal. 212.) The reason for this distinction seems to be, stated generally, that the presumptions favorable to the regularity of the proceedings and judgments or to the jurisdiction of courts of general jurisdiction are not extended or accorded to courts of inferior jurisdiction, to which class justices and municipal courts belong, and that, therefore, the validity or legality of the proceedings and judgments of the latter courts must be proved or made to affirmatively appear by their own records.

It may be remarked that counsel for the petitioner presented the legal points herein discussed with much ability and force, yet, as is apparent from the views above expressed, we have found ourselves able to coincide neither with his construction of the Juvenile Court Law in the respect material to the inquiry here, nor with the position that a reviewing court, in a proceeding of this character, is authorized to inspect an information or indictment with the same degree of circumspection as it may a complaint charging a low-grade misdemeanor. The writ is, therefore, discharged and the prisoner remanded.

Chipman, P. J., and Burnett, J., concurred.