[Crim. No. 2241. In Bank.—March 28, 1919.]

## In the Matter of the Petition of MAE KAVANAUGH for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—HABEAS CORPUS—SUFFICIENCY OF INFORMATION.— Where the information upon which a judgment is based clearly attempts to charge a felony, the question whether the specific acts alleged as constituting the offense fail to sufficiently show the public offense attempted to be charged, is a question which cannot be considered on *habeas corpus.*

APPLICATION for a Writ of Habeas Corpus originally made to the Supreme Court. Denied.

The facts are stated in the opinion of the court.

Geo. D. Collins, Jr., for Petitioner.

THE COURT.—[1] The information in the superior court upon which the judgment against petitioner is based clearly attempted to charge the felony defined by section 476a of the Penal Code. Whether the specific facts alleged as constituting the particular offense failed to sufficiently show the public offense attempted to be charged is a question which cannot be considered on *habeas corpus* under the well-settled rule of this jurisdiction. (*Matter of Ruef,* 150 Cal. 665, [89 Pac. 605]; see, also, *Ex parte Greenall,* 153 Cal. 770, [96 Pac. 804].)

As to the second point, in view of the facts and exhibits shown by the petition, it must be held that the superior court did vacate the order suspending the execution of the judgment.

The application for a writ of *habeas corpus* was denied for these reasons.

Shaw, J., Wilbur, J., Lennon, J., Olney, J., Lawlor, J., Melvin, J., and Angellotti, C. J., concurred.