C. A. FUREY, Appellee, v. T. P. HOLLOWELL, Appellant.

**HABEAS CORPUS: Scope of Inquiry—Nonpresentable Issue on Habeas**
1  **Corpus.** Objections to the sufficiency of an indictment of which the court has jurisdiction may not be raised in subsequent habeas corpus proceedings. Demurrer to the indictment in such case is the sole remedy.

**FALSE PRETENSES: Elements—Differentiation of Statutes.** Principle
2  reaffirmed that the strict false pretense statute (Sec. 13045, Code of 1924) deals with *false* tokens and the offenses connected therewith, while Sec. 13047, Code of 1924, deals with *true* tokens and the offenses connected therewith.

Headnote 1:  29 C. J. pp. 41, 42.  Headnote 2:  25 C. J. p. 613.

Headnote 2:  11 R. C. L. 827.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

MARCH 15, 1927.

This was a habeas corpus proceeding in the district court, the plaintiff being a convict held in the penitentiary at Fort Madison, and the defendant being the warden of such penitentiary. The trial court sustained the writ and discharged the prisoner, from which judgment the defendant has appealed.—*Reversed.*

John Fletcher, Attorney-general, Maxwell A. O'Brien, Assistant Attorney-general, and J. M. C. Hamilton, County Attorney, for appellant.

E. D. Marshall, for appellee.

DE GRAFF, J.—The defendant is the warden of the Iowa State Penitentiary at Fort Madison, Iowa. The plaintiff, a prisoner in said penitentiary, by petition for a writ of habeas corpus demanded his release from custody. The writ was granted.

The imprisonment rests upon a judgment entered by a court of competent jurisdiction.

The object of the writ of habeas corpus is the speedy release, by judicial decree, of persons illegally restrained of their liberty, and the jurisdiction under such writ is confined to an examination of the record, with a view to determining whether the person restrained of his liberty is detained without authority of law.

The one inquiry on this appeal concerns itself with the legal reason for granting the relief prayed. No constitutional question is involved.

"It is the well established general rule that, if the person restrained of his liberty is in custody under legal process, nothing will be inquired into by virtue of the writ of habeas corpus be-

1. HABEAS COR-
PUS: scope of
inquiry: non-
presentable
issue on habeas
corpus.

yond the validity of the process on its face and the jurisdiction of the court by which it was issued, and that neither irregularities nor errors, so far as they were within the jurisdiction of the court, can be inquired into on habeas corpus, but must be reviewed, if at all, on appeal or writ of error." 12 Ruling Case Law 1240, Section 59.

The plaintiff, as defendant below, was indicted by the grand jury of the county of Polk, state of Iowa, for the crime of obtaining money by false pretense. The indictment was an exhibit in the instant proceeding. It charges as follows:

"The said C. A. Furey on or about the 21st day of December, A. D., 1922, in the county of Polk in the state of Iowa, did willfully, unlawfully, feloniously, designedly, by false pretenses and with intent to defraud James Gavalos, represent that one Miss A. Murrey had funds and money on deposit with the

Peoples Savings Bank of Des Moines, Iowa, and that a certain instrument of writing and bank check which he, the said C. A. Furey, then and there had prepared, was an order and check for the sum of twelve dollars, drawn by the said Miss Murrey on the funds so owned and deposited by her in the said Peoples Savings Bank of Des Moines, Iowa, and that she had authority to draw on the funds so owned and deposited by her in the said Peoples Savings Bank of Des Moines, Iowa, as aforesaid.''

The indictment contained also the usual traverse, and that, ''by reason and because of said false and fraudulent statements so made by him, as aforesaid, he, the said C. A. Furey, did receive from the said James Gavalos the sum of twelve dollars in lawful money of the United States.''

The record before us discloses that all proceedings on the indictment were regular, and that every legal and constitutional right of the defendant was respected. A judgment was entered by the court in conformity to law:

''That the defendant be confined in the Iowa State Penitentiary at Fort Madison, Iowa, at hard labor for an interdeterminate period not to exceed seven years.''

These salient facts must be recognized, to wit: that the trial court in the criminal proceeding had lawful jurisdiction over the person of the defendant and of the subject-matter; that a valid judgment was entered; and that the judgment was duly and legally executed. The petitioner had the burden of proof to show that he was illegally restrained of his liberty.

Neither was the trial court, upon the hearing of the habeas corpus proceedings, nor is this court concerned with the facts, if any there were, relating to the commission of the crime charged. The allegations in the indictment are legally sufficient to constitute the crime charged.

Habeas corpus does not lie to question the sufficiency of an indictment or information, and exists on this ground when, and only when, the act charged does not constitute an offense by reason of the constitutionality of the statute declaring it to be an offense, or where there is a total failure to allege any offense known to the law. 29 Corpus Juris 41, Section 34.

A prisoner under lawful judgment, therefore, may not, by habeas corpus, be discharged on the ground that the indictment under which he was tried and sentenced was insufficient in not

stating a public offense, since that question should have been
raised by demurrer on the trial. He did not appeal from the
judgment. If this were not the rule, a *nisi prius* court of co-
ordinate jurisdiction in habeas corpus would act as an appellate
court over a matter in which another *nisi prius* court had juris-
diction in the first instance. Any other rule would produce a
conflict of jurisdiction, and lead to inextricable confusion, re-
sulting in a defeat of the due administration of criminal law.

In *Ex parte Upson*, 7 Cal. App. 531 (94 Pac. 855), the de-
fendant was charged with publishing certain indecent and de-
famatory pictures, with the intent to injure the character of an-
other, and pleaded guilty on trial. It was held that the prisoner
may not, by habeas corpus, be discharged on the ground that
the complaint under which he was convicted was insufficient in
not stating a public offense. It is said:

"If the complaint is defective in not showing in what way
the pictures were lewd or obscene or indecent, the prisoner could
have raised the question by demurrer to the complaint.  *  *  *
It will be presumed that the court would have ruled correctly up-
on the point, and if it did not do so, the prisoner could have ap-
pealed to the superior court of the county in the regular manner
provided by law, and there have had the matter determined.
Not having done so, having pleaded guilty to the offense charged
in the complaint, we will not now on *habeas corpus* examine as
to whether or not the facts were as fully set out in the complaint
as they should have been if tested by demurrer, or by appeal in
the ordinary way. The complaint purported to and attempted
to state an offense of which the police court had jurisdiction.
That is sufficient when tested by the writ of *habeas corpus* after
judgment."

If the instant defendant pleaded guilty, he pleaded guilty
to the crime charged as it was charged. He had the right to
challenge the indictment. He had the right to plead and offer
proof of any defense thereto. The indictment
does charge the commission of an act defined
and punished by our penal code, and the crim-
inal court had full jurisdiction of the matter.
The petitioner cannot and does not, on habeas corpus, question
the jurisdiction of the court in which the indictment was pend-
ing. The false pretense in said indictment, as alleged, was not

2. FALSE PRE-
TENSES: ele-
ments: differen-
tiation of
statutes.

the giving of a check of which he was the drawer, but the making of certain false representations with intent to defraud with respect to a certain bank check which was represented by him to have been made and drawn by one Miss A. Murrey, but which, as alleged, he, the defendant, "then and there had prepared." Clearly, the indictment may be said to be within the purview of Section 13045, Code of 1924, which provides that, if any person designedly, and by false pretense, or by any privy or false token, and with intent to defraud, obtain from another any money, etc. Plaintiff alleges in his petition for a writ that the offense charged in the indictment is merely a misdemeanor, and is exclusively controlled by Section 13047, Code of 1924, which provides:

"Any person who shall make, draw, deliver, utter, or give any check, draft, or written order upon any bank, person, or corporation and who secures money, credit, or thing of value therefor, and who knowingly shall not have an arrangement, understanding, or funds with such bank, person, or corporation sufficient to meet or pay the same, shall be guilty of a misdemeanor," etc.

This section must also be read in connection with Section 13049, which provides that payment upon demand by the drawee or within three days by the drawer shall prevent further prosecution.

Sufficient to state that the purported drawer of the check referred to in the indictment was not the defendant, and the check was, under the allegations of the indictment, a false token, used with intent to defraud. The defendant was sentenced for a crime defined by statute, and the legal sufficiency of the indictment cannot, on habeas corpus, be challenged or questioned.

Where an indictment charges a crime defined by the penal code, and within the jurisdiction of the court in which the indictment is pending, the question whether the facts charged are sufficient to constitute such an offense will not be inquired into on habeas corpus. In the famous case of *In the Matter of the Application of Ruef*, 150 Cal. 665 (89 Pac. 605), it is said:

"We think the true rule is that, where an indictment purports or attempts to state an offense of a kind of which the court assuming to proceed has jurisdiction, the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on *habeas corpus*. Here, the indict-

ments clearly attempt to charge extortion, a crime defined by Section 518 *et seq.* of the Penal Code, and within the jurisdiction of the superior court. Without expressing any opinion as to whether these indictments should be held to be good on demurrer or other direct attack, they are at least not, under the rule stated, so defective as to permit us to hold them void in this proceeding.''

This rule has been frequently stated and applied in Federal decisions.

In *Sander v. Johnston* (C. C. A. 9th Circuit), 11 Fed. (2d Series) 509, it is said:

''If the petitioner had raised the question he now relies on, the superior court would have had power to pass upon it; and this is the test of jurisdiction of subject-matter. [Citing cases.] The judgment of conviction was a determination of the sufficiency of the information, and this conclusion cannot be reviewed on habeas corpus. [Citing cases.]''

The same rule is applied in *Cronin v. Ennis* (C. C. A. 8th Circuit), 11 Fed. (2d Series) 237 (January 30, 1926). The court, speaking through Kenyon, J., said:

''The petition was entirely insufficient to warrant any conclusion that the court was without jurisdiction to impose the sentence and that the same was void. [Citing cases.] * * * It has frequently been held that the sufficiency of the information may not be attacked on habeas corpus.''

In *Matter of Gregory*, 219 U. S. 210 (55 L. Ed. 184, 31 Sup. Ct. Rep. 143), a habeas corpus case, the court said:

'' * * * we are not concerned with the question whether the information was sufficient, or whether the acts set forth in the agreed statement constituted a crime,—that is to say, whether the court properly applied the law,—if it be found that the court had jurisdiction to try the issues and to render the judgment.''

See, also, *Weedin v. Moy Fat* (C. C. A. 9th Circuit), 8 Fed. (2d Series) 488.

A writ of habeas corpus cannot serve as a writ of error, under the Federal practice, nor can it serve the purpose of an appeal, under state law. Was there jurisdiction in the court which imposed the sentence on the petitioner? Do the allegations in the indictment charge a violation of the penal law of the state of Iowa? These are the controlling questions. Clearly,

there is no question here as to the jurisdiction of the court which imposed the sentence, and it is just as certain that the indictment charged a violation of the criminal law of the state.

The case of *State v. Marshall*, 202 Iowa 954, is not controlling. In that case the defendant was indicted and convicted on an indictment for a felony, whereas, the facts set forth in the indictment described an offense under Section 13047, Code of 1924, which defined an offense punishable as a non-indictable misdemeanor.

The *Marshall* case, supra, affords no precedent for the instant case in habeas corpus. The writ in the case at bar should have been denied. The judgment entered by the trial court is reversed, and the plaintiff is remanded to the custody of the warden of the state penitentiary at Fort Madison, Iowa.—*Reversed.*

All the justices concur.