[Crim. No. 2052. Second Appellate District, Division One.—May 22, 1931.]

In the Matter of the Application of ELAYNE MARMADUKE for a Writ of Habeas Corpus.

Morgan Marmaduke and Paul C. Hill for Petitioner.

Everett W. Mattoon, County Counsel, S. V. O. Pritchard, Deputy County Counsel, Joseph Scott and Benno M. Brink for Respondent.

HOUSER, J.—Pursuant to the issuance of a writ of *habeas corpus* herein, a return was filed by the respondent in which not only the facts set forth in the petition for the writ were controverted, but as well other facts were alleged which found ample support in the evidence taken in a proceeding in the juvenile court wherein the case of the minor child of petitioner was heard, and whose order in the premises is made one of the objects of attack by petitioner.

On the return day of the writ, it appearing that certain issues of fact were involved and which prior to reaching a conclusion regarding the merits of the writ, would require determination, petitioner by his attorney, in open court, admitted that he had no witnesses by whom he might establish either the truth of the allegations contained in his petition, or controvert the statement of facts set forth in the return to the writ; and thereupon stipulated that for the purpose of deciding the matter then before the court, the alleged facts contained in the petition might be disregarded, and that those set forth in the return to the writ, together with such facts as appeared in the transcript of the evidence received by the juvenile court, and made a part of the return, might be considered as true and correct; furthermore, that in such situation the only duty which devolved upon this court was that of inquiring into the legality of the detention of the minor child of petitioner, based solely upon the facts stated in the return and the record of the juvenile court as produced herein. Thereupon, after oral argument and the filing of a brief by each of the parties hereto, the cause was ordered submitted.

However, in the meantime, petitioner presented a motion for an order by which he would be granted leave to "reopen the cause . . . and for commission to take deposi-

tions''; which motion was opposed by respondent, and, after argument thereon, was likewise submitted to this court for its determination.

On examination of the moving papers which are made a part of the motion to which reference has been had, it appears that, although the names of the proposed witnesses are stated therein, neither within the notice nor included within the affidavit attached thereto can be found any statement, either directly or indirectly, of what facts would be, or were expected to be, presented by evidence adduced from the testimony of either or any of such witnesses, or even a general statement that any part of such evidence would be material or relevant to the question proposed to be determined by this court. Moreover, no showing of due diligence was made by petitioner. To the contrary, it appears that, although the order which is the subject of attack by petitioner was made on August 19, 1929, more than a year elapsed thereafter before this proceeding was initiated by petitioner, as witnessed by its verification, and that the petition was not filed in this court until six months following such verification. In such circumstances, the motion should be and it is denied. (Code Civ. Proc., secs. 595, 2027; *Cobe* v. *Crane,* 173 Cal. 116 [159 Pac. 587]; *Kern Valley Bank* v. *Chester,* 55 Cal. 49, 51; *Leszinsky* v. *White,* 45 Cal. 278; *Kuhland* v. *Sedgwick,* 17 Cal. 123; *Watson* v. *Columbia Dev. Co.,* 22 Cal. App. 556 [135 Pac. 511].)

In view of the stipulation by petitioner regarding the facts which led to the institution of proceedings in the juvenile court, such questions of law as are presented by petitioner which are based upon the assumed correctness of facts set forth in his petition, must be disregarded; which situation, as hereinbefore indicated, leaves for consideration the legality of the order made by the juvenile court and by virtue of which the custody of the minor child of petitioner was awarded to the grandfather of said minor. In that connection it is urged by petitioner that the allegations contained in the original petition filed in the juvenile court for the purpose of having the minor declared a ward thereof were insufficient ''to bring said minor child within the juvenile court law''. Attention is directed by petitioner to the material charge of the petition which reads that '' . . . Elayne Marmaduke has no parent

or guardian residing within the state of California capable of supervising said minor child, and said minor child is in need of such supervision, inasmuch as the mother of said minor is deceased, and the father . . . (is not living within the state).''

Conceding (if not deciding) that the petition in question is faulty in its allegations with reference to the failure of the parents or guardian to actually exercise ''proper parental control'' of the minor (subd. 2, sec. 1, Stats. 1915, p. 1225)—nevertheless, according to the decisions in analogous matters by the courts of this state, a nicety of pleading is not required. In the case entitled *In re Gutierrez*, 46 Cal. App. 94, 96 [188 Pac. 1004], it is held that, ''even where the petition is obviously open to demurrer for an insufficient statement of the facts, if it appears from the declarations that there is a purported or attempted statement of facts which would confer jurisdiction, the question as to such sufficiency of statement will not be examined into on *habeas corpus*.'' (Citing cases.)

In the *Matter of Application of Goldsworthy*, 22 Cal. App. 354 [134 Pac. 352], it is said (syllabus) : ''The information is not to be examined so critically on *habeas corpus* as informations or indictments are scrutinized when their sufficiency is subjected to the test of a demurrer. It is enough, on such collateral attack, that the information attempts to state an offense of a kind of which the superior court, sitting as a juvenile court, has jurisdiction.''

And in the case of *In re Edwards*, 208 Cal. 725, 734 [284 Pac. 916, 920], the court disposes of a question similar to that here involved by the statement that '' . . . even if the petition is subject to demurrer for an insufficient statement of facts, the question is not one which will be inquired into in *habeas corpus* proceedings''. (Citing authorities.)

By reverting to the allegation herein of which petitioner complains, it will at once appear that at least an attempt was made to state one of the necessary jurisdictional conditions required by the provisions of the statute; from which it follows that the point presented by petitioner cannot avail him in this proceeding as affording a sufficient reason for an order by which the minor may be discharged from the custody of the grandfather and awarded to petitioner.

 Neither can this court agree with petitioner in his contention that the finding of fact made by the juvenile court is insufficient to show jurisdiction to divest petitioner of the custody of the child.

As hereinbefore set forth, the original petition presented to the juvenile court contained the allegation that the minor had no parent "within the state of California capable of supervising said minor child and said minor child is in need of such supervision, inasmuch as the mother of said minor is deceased, and the father . . . (is not living within the state)". The finding of fact upon which the order of the juvenile court was predicated was that said "minor has no parent or guardian actually exercising proper parental control and who is in need of such control in that the mother of said minor is deceased, and the father . . . (does not reside in the state of California), . . . and it fully appearing to me that it would be *for the welfare of said minor to be placed under the care and supervision of the probation officer, . . .;*" etc.

Assuming as correct that which hereinbefore has been indicated, to wit, that in and by the petition presented to the juvenile court an attempt was made to charge the parent of the minor child with failure to actually exercise "proper parental control, and who is in need of such control",—on an examination of the transcript of the evidence adduced on the hearing of the petition it appears that such evidence was sufficient to support the finding which was made and that the provisions of section 9b of the statute (Stats. 1915, p. 1225, as variously amended), to which reference has been had, authorize the making of an order by which the custody of a minor child may be taken from its parent where "the court shall find that the welfare of said person requires that his custody be taken from said parent or guardian".

 The additional point suggested by petitioner, in substance that "a prior adjudication concerning the custody of the minor as between the same parties is *res judicata* in the absence of a changed condition", is not available to him if for no other reason than that from the evidence which is made a part of the return herein, it satisfactorily appears that the order made by the juvenile court was sufficiently supported by facts relative to the situation and conditions

which surrounded the minor child subsequent to the date of the prior order to which attention is directed.

The writ is discharged.

Conrey, P. J., and York, J., concurred.