[No. 15931.   Department Two.   January 19, 1921.]

SPOKANE STATE BANK, *Appellant,* v. A. J. PITNER, *Respondent.*[1]

BILLS AND NOTES (118)—ACTIONS—PRESUMPTIONS AND BURDEN OF PROOF—DELIVERY.   Under Rem. Code, § 3407, providing that intentional delivery of a note, passed from the maker's possession, will be presumed until the contrary is proven, defendant has the burden of proof and right to open and close, where the note was offered in evidence without objection and defendant admitted his signature and relied upon an affirmative defense.

SAME (141)—ACTIONS—EVIDENCE — OWNERSHIP AND PAYMENT OF VALUE.   A bank suing on a note taken after maturity and for collection only, cannot claim to be a bona fide holder for value.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered May 10, 1920, upon

[1]Reported in 194 Pac. 969.

the verdict of a jury rendered in favor of the defendant, in an action on contract. Affirmed.

*E. B. Quackenbush,* for appellant.

MITCHELL, J.—Suit to recover on a promissory note, including an attorney's fee. The complaint is in the usual form where made by a holder other than the payee. The answer consisted of general denials, together with affirmative defenses of infirmities in the note including want of consideration, of which it was alleged the plaintiff was aware before taking the note after maturity. Plaintiff denied the new matter contained in the answer by its reply.

Counsel for plaintiff concluded its opening statement to the jury by saying:

"The answer shows reasons which will be explained to you by Mr. Pitner's counsel why he does not wish to pay for the note, and I think, as far as the defense is concerned, the denial of the matters there set up by the plaintiff will be the matters principally tried to the jury."

Counsel for defendant then stated:

"At this time we are willing to admit that Mr. Pitner, the defendant, signed this note."

The note was offered and without objection received in evidence. Defendant suggested his right to open and close. Plaintiff insisted on that right. The court held the burden was on the defendant. Counsel for plaintiff then read the note to the jury. Upon request of counsel for plaintiff, it was stipulated the court might fix a reasonable attorney's fee. Thereupon counsel for defendant made an opening statement to the jury, confined to the facts set out in the affirmative answer, and then introduced testimony thereunder. Plaintiff followed with rebuttal evidence. The jury

returned a verdict in favor of the defendant, and from a judgment entered thereon, the plaintiff has appealed.

All assignments of error center upon the contention that the trial court erroneously deprived the appellant of the right to open and close the case to the jury. It is argued that, although defendant admitted to the jury his signature to the note, which was admitted in evidence without any objection, nevertheless, since the respondent did not admit the delivery of the note, there was an issuable fact to try out. On the subject of the delivery of negotiable instruments § 3407, Rem. Code, provides:

"And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

That was the situation here. The appellant had the note in its possession in the presence of the jury, the respondent admitted his signature to the note and then proposed to meet the burden cast upon him by the law. However, this feature of the controversy became unimportant later on for the respondent, while testifying, admitted that he signed and delivered the note to the payee.

As to the allegation in the complaint that the appellant was the holder for value, which was denied by the answer, there can be no possible claim of prejudicial or reversible error in the ruling of the court, because the appellant bank, by its president, admitted while testifying, in answer to questions by its own attorney, that it took the note after maturity and for collection only. The facts upon which the respondent depended to defeat recovery upon the note were necessarily matters to be plead affirmatively, which cast the burden upon him. We find nothing in the manner of con-

ducting the trial indicating other than a fair trial to the appellant.

Affirmed.

HOLCOMB, MOUNT, MAIN, and TOLMAN, JJ., concur.