## Ex parte WHITAKER.

[APPLICATION FOR HABEAS CORPUS.]

1. *Habeas corpus; what not sufficient ground to discharge accused, on application for, in vacation.*—A party in custody, under a defective indictment, will not be discharged on *habeas corpus*, in vacation, because of the insufficiency of the indictment.

2. § 4137, *Revised Code; what judgment must be rendered by this court in criminal cases, under.*—Under § 4314 of the Revised Code, this court must look to the whole record, and render such judgment in criminal cases, as the law demands, without any assignment of error.

PETITION by William Whitaker (f. m.) for writ of *habeas corpus*, or such other remedial process as might secure his discharge from custody, on a charge of " an assault upon ——, with intent to murder him," the Hon. J. P. O'CONNOR, judge of probate, having refused the same.

The transcript and bill of exceptions show that the petitioner was arrested and put in jail on the 18th day of March, 1869, by virtue of a warrant of the judge of the county court, upon the affidavit of W. N. Hays, charging

the prisoner with " an assault upon Greene Malcom with a knife, with intent to murder him, the said Malcom." On the 27th day of April, 1869, before the day set for the hearing of said cause in the county court, the grand jury of Limestone circuit court found an indictment against the prisoner for an assault, with intent to murder, in the form provided by the Code, and regular and legal in every respect, save that the name of the person assaulted was left blank, and there was no averment that such person's name was " to the grand jury unknown." Upon the finding of this indictment, the county court, at the request of the solicitor, *nol prossed* the case in that court ; whereupon, the prisoner petitioned the Hon. J. P. O'Connor, judge of probate, for discharge from custody, on writ of *habeas corpus*, alleging that said pretended indictment was utterly void, and gave no authority to hold him in custody. On the hearing, the judge of probate denied the application, and remanded the prisoner to the custody of the sheriff; the prisoner excepted, and now brings the case here for review.

ROBERT McCULLUM, for petitioner.
JOSHUA MORSE, Attorney-General, *contra.*

[No briefs came into the reporter's hands.]

*Per Curiam.*—The judgment of the judge of probate must be affirmed. The transcript shows enough to remand the petitioner into the custody of the sheriff.

The indictment is clearly defective, and, no doubt, a demurrer to it would be sustained. It should have stated the name of the person assaulted. The original complaint states the name of person assaulted, and the indictment has a blank for the name, which, by mistake, was probably omitted, to be inserted either by the solicitor who prepared the indictment, or by the foreman of the grand jury who found it.

By § 4314 of the Revised Code, no assignment of errors is necessary in criminal cases, but this court must look to the whole record, and render such judgment on the record as the law demands.

Taking the whole record together, we think enough appears to retain the accused in custody until the next circuit court, which can either discharge the party, or permit the defective indictment to be *nol prossed*, and order another one to be preferred, or, the present indictment may be amended, by the consent of the accused. A defect in an indictment is not a sufficient ground to discharge an accused party, on *habeas corpus*, in vacation.

The judgment of the court below is affirmed, at the costs of appellant, and his sureties upon the appeal bond.