## Case No. 10,634.

### OWENS v. GOTZIAN et al.

[4 Dill. 436;[1] 16 Am. Law Reg. (N. S.) 181; Syllabi, 86; 9 Chi. Leg. News, 124; 1 Cin. Law Bul. 367.]

Circuit Court, D. Minnesota. 1876.

JUDGMENT OF STATE COURT — VALIDITY AS DEPENDING ON MODE OF SERVICE.

1. The judgment of the state court will be considered by the federal courts sitting within the territorial limits of the state in which the same is rendered, as a domestic judgment.

2. The service of summons by a party to the action is an irregularity that is cured by entry

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

of judgment, and will not avail when the judgment is attacked in a collateral proceeding.

[Cited in Swift v. Meyers, 37 Fed. 44.]

[Cited in Ex parte Ah Men, 77 Cal. 201, 19 Pac. 381.]

3. "Party to the action," as used in section 47, c. 66, p. 456. Revised Statutes of Minnesota, extends, it seems, only to parties to the record.

This action was brought [by James A. Owens, assignee of Murphy & Rowe, bankrupts, against Conrad Gotzian and Channing Seabury] to recover damages for the conversion by the defendants to their own use of certain personal property alleged to belong to the bankrupts' estate. During the trial the record of a judgment rendered in a district court of the state of Minnesota, in an action in which the present defendants were plaintiffs, and the bankrupts were defendants, was introduced in evidence, and proof was made that the defendants purchased the property in question at a sheriff's sale, under execution issued upon such judgment. The plaintiff offered to prove that the service of summons in that suit was made by a silent partner of the firm of Gotzian & Seabury, and urged that such service was invalid, and the judgment void, by virtue of the following statute of the state of Minnesota:

"The summons may be served by the sheriff of the county where the defendant is found, or by any other person not a party to the action." Rev. St. Minn. § 47, p. 456.

The testimony offered was objected to by the defendants.

Davis, O'Brien & Wilson, for plaintiff.

Geo. L. Otis and Rogers & Rogers, for defendants.

NELSON, District Judge. Two propositions are involved in the objection: 1. Is the judgment of the state court a foreign or domestic judgment? 2. If a domestic judgment, can the plaintiff attack it in this suit?

In nearly every instance where the judgment of a federal court sitting within the same territorial limits has been the subject of consideration in a state court, it has been regarded as a domestic judgment. Thomson v. Lee Co., 22 Iowa, 206, and cases cited. For obvious reasons the judgment of a state court would be regarded as domestic by the federal courts in the same state; both federal and state courts enforce and give effect to the same laws; summon jurors from, and their judgments operate upon and compel seizure and sale of the property of, the same citizens, and [they] are not, therefore, foreign to each other.

Being a domestic judgment, it may be shown void upon its face if the court rendering it had no jurisdiction of the defendant's person, and it is equally true that, except for errors affecting the jurisdiction of the court, its validity cannot be questioned. If jurisdiction of the person was obtained in this case in the state court, this court must regard it as conclusive of the question determined,

and give it full force and effect. The record discloses personal service upon the defendants, yet the plaintiff urges that the service was made by one of the parties to the action, and that such service is not permitted, and renders the judgment a nullity as to strangers to the action. This proposition is not without force. If the statute prescribes the mode and manner of the service of summons, and authorizes it to be made by any person except a party to the action, the question may well be asked why a judgment entered up without any appearance of the defendants thus served is not beyond the authority of the court rendering it? Why should strangers to the judgment be prevented from establishing, perhaps a prior lien, or a superior incumbrance, on showing that the service of summons was by an incompetent person? The answer is, that this error in the service did not affect the jurisdiction of the court, and is only an irregularity. The actual service upon the defendants appears in the record, and no objection being made before judgment is rendered, the defect is cured by the entry. Such is undoubtedly the rule as between parties to the suit, and it is reasonable that strangers to the record should not impeach it in a collateral action. The service shows a defect in obtaining jurisdiction, not a want of jurisdiction, and it is presumed the court, when judgment was rendered, determined the service attempted sufficient, and passed upon that question. Thomson v. Lee Co., 22 Iowa, 206.[2] Again, an inspection of the record shows that the person who served the summons, although perhaps a silent partner of plaintiffs, was not by name a party to the suit. There has been no authoritative construction of this statute, but I think the term "not a party to the action" extends only to parties named in the proceedings, and not to a party in interest, whose name does not appear. The objection, at least, should have been made before judgment was rendered.

Objection overruled.