[Crim. No. 442. In Bank.—June 30, 1898.]

## Ex Parte BENJAMIN WILLIAMS, on Habeas Corpus.

CRIMINAL LAW — DEFRAUDING INNKEEPER—CONSTITUTIONAL LAW. — Section 537 of the Penal Code, making it a misdemeanor to commit frauds and impositions upon innkeepers and the like persons, is not unconstitutional.

ID.—DISTINCTION BETWEEN OFFENSES.—Section 537 of the Penal Code contemplates three classes of offenders who are amenable to its provisions: 1. Those who obtain food or accommodation at such a re-

sort, without paying therefor, with intent to defraud; 2. Those who obtain credit thereat by the employment of any false pretense; and 3. Those who, after obtaining such credit or accommodation, abscond and surreptitiously remove their baggage without paying their score.

ID.—HABEAS CORPUS—SUFFICIENCY OF COMPLAINT.—On a proceeding on *habeas corpus*, to be relieved from a conviction under said section, a complaint which states facts sufficient to constitute an offense as first defined therein will be held sufficient to support the judgment notwithstanding it contains other and insufficient allegations of obtaining credit by the use of false pretenses.

APPLICATION for a writ of *habeas corpus*.

The facts are stated in the opinion of the court.

Stanton L. Carter, for Petitioner.

W. F. Fitzgerald, Attorney General, and Henry E. Carter, Deputy Attorney General, for Respondent.

VAN FLEET, J.—Petitioner was convicted in the justice's court of Mariposa county of a misdemeanor arising under section 537 of the Penal Code; he was fined, with the alternative of imprisonment, and failing to pay the fine went to jail. He now seeks his release on *habeas corpus*, assigning (1) that the complaint charged no offense under the statute, and (2) that the statute is unconstitutional.

1. As to the last point, the validity of the section was sustained in *Ex parte Ruffin*, 119 Cal. 487, and we do not regard the further objections now urged by petitioner as seriously challenging the constitutionality of the provision.

2. The proposition that the complaint is insufficient is based, we think, upon an erroneous construction of the pleading. The section of the code under which the conviction was had, which is intended to prevent frauds and impositions upon innkeepers and the like, provides:

"Section 537. Any person who obtains any food or accommodation at an inn or boarding-house without paying therefor, with intent to defraud the proprietor or manager thereof, or who obtains credit at an inn or boarding-house by the use of any false pretense, or who, after obtaining credit or accommodation at any inn or boarding-house, absconds and surrepti-

tiously removes his baggage therefrom without paying for his food or accommodations, is guilty of a misdemeanor."

As suggested by petitioner, the act contemplates three classes of offenders who shall be amenable to its provisions: First, those who obtain food or accommodation at such a resort without paying therefor, with intent to defraud; second, those who obtain credit thereat by the employment of any false pretense; and, third, those who after obtaining such credit or accommodation abscond and surreptitiously remove their baggage without paying their score.

The material part of the complaint filed against the petitioner was, "That said Dr. B. Williams, on or about the sixth day of February, 1898, at Mariposa, in the said county of Mariposa, state of California, by false and fraudulent promises and representations, did willfully, unlawfully and fraudulenty obtain credit for food and lodging at the boarding-house of Peter Gordon in said town, county, and state, to the extent of forty-eight dollars in value; and said Dr. B. Williams did then and there willfully and unlawfully defraud said Peter Gordon out of such board and lodging to said value of forty-eight dollars."

Petitioner construes this as an effort to state an offense solely under the second clause of the section—the obtaining of credit by the use of false pretenses—and his contention is that it is wholly insufficient for that purpose, because of its failure to state what the false pretenses were; that the mere averment that false pretenses were used, without setting them out, is but the averment of a legal conclusion, which is not sufficient to make out the offense; and such may be conceded to be the law under that view of the complaint. (*People v. McKenna*, 81 Cal. 158.) But the fact that the complaint may have been intended to state a case under that clause of the section will not affect our present inquiry, if upon inspection it is found to contain sufficient facts to bring it within either clause thereof. While the inquiry on *habeas corpus* may extend to the question whether the complaint or information charges an offense known to the law, since this objection goes to the question of jurisdiction (*Ex parte Maier*, 103 Cal. 476; 42 Am. St. Rep. 129), the proceeding may not be made to subserve the office of a demurrer; and if the facts alleged squint at a substantive statement of

the offense, no matter how defectively or inartificially they may be stated, or however confused and beclouded they may be rendered through intermingling them with immaterial or unnecessary averments, the writ will not lie. (*Ex parte Whitaker*, 43 Ala. 323; *Matter of Prime*, 1 Barb. 340.)

While in this case the pleader would seem to have had rather a confused idea of the requirements of the statute and of the case he desired to allege, and, as justly said by petitioner, has so confused his averments as to make it difficult to determine under which feature of the statute he intended to proceed, we are nevertheless satisfied that the complaint contains sufficient in substance, when picked out, to constitute an offense under the first clause of the section. It is made to appear therefrom, we think, to a common certainty, that petitioner obtained food and lodging at the boarding-house of Peter Gordon, without paying for it, and with the intent to defraud Gordon thereof. This was all that it was essential to allege under the first clause of the section. The fact that it contains allegations as to the employment of false pretenses—matter calculated to bring it within another feature of the statute—cannot, as suggested, affect the sufficiency of the facts to state an offense. Because a demurrer might have lain for duplicity, or uncertainty, or some other special ground, will not, as we have seen, avail the petitioner in this proceeding. It is only necessary that the complaint should state an offense within the jurisdiction of the court trying it, to meet the objection here. And this we are satisfied has been done.

Writ denied and petitioner remanded.

Garoutte, J., Harrison, J., McFarland, J., Temple, J., and Henshaw, J., concurred.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing.