[Crim. No. 97.   Third Appellate District.—May 4, 1909.]

In re Application of GEORGE AVDALAS for Writ of Habeas Corpus.

HABEAS CORPUS—COMPLAINT FOR MISDEMEANOR SUBJECT TO DEMURRER. The writ of *habeas corpus* cannot be made to serve the office of a demurrer to a complaint for misdemeanor and will not lie, when the court has jurisdiction of the kind of offense charged, and there is an attempt, however defective, and however subject to a demurrer to state a public offense, and the facts alleged squint at a substantive statement of such offense.

ID.—CHARGE OF DEFRAUDING BOARDING-HOUSE KEEPER—DEFECTIVE COMPLAINT.—A complaint under section 537 of the Penal Code, charging that defendant, at a time and place stated, "did willfully and unlawfully defraud the said" complainant, "keeper of a boarding-house, by leaving and going away from said boarding-house without first paying his bill, with deliberate intent to defraud the said" complainant "out of the amount due thereon, to wit: Forty-five dollars," is in-

sufficient as an accusatory pleading, if tested by a demurrer; but it clearly shows such an attempt to state an offense under that section as will preclude the discharge of the defendant upon writ of *habeas corpus.*

ID.—VALID STATUTE—JUDICIAL NOTICE OF PROVISIONS.—Section 537 of the Penal Code is a valid statute of the provisions of which the court will take judicial notice. That section provides *inter alia* that "any person who obtains any food or accommodation at a hotel, inn, restaurant, boarding-house or lodging-house without paying therefor, with intent to defraud the proprietor or manager thereof," may be punished as for a misdemeanor.

ID.—COMPLAINT NOT TO BE CONSTRUED ABSURDLY—USE OF WORD "BILL." The complaint is not to be construed absurdly in the use of the word "bill" therein, as having been incurred for a purpose which this court judicially knows could not be made the foundation of an original proceeding. That word should be given in this proceeding the meaning which it must naturally import in the connection in which it is used in the complaint.

ID.—USE OF WORDS "KEEPER OF A BOARDING-HOUSE."—The use of the words "keeper of a boarding-house," instead of the "proprietor" or "manager" thereof, employed in the statute, does not invalidate the complaint, nor deprive the court of jurisdiction. The word "keeper" is a generic word broad enough to include the words "proprietor" or "manager," or "owner," and is sufficient upon petition for discharge of the defendant upon writ of *habeas corpus.*

ID.—QUALIFICATION OF GENERAL RULE AS TO FOLLOWING LANGUAGE OF STATUTE.—Though it is a general rule, in charging a person with crime, if the offense is charged in the language of the statute; yet this rule does not mean that such language should be literally followed, and it is sufficient if the offense charged is set forth with such "particulars of time, place, person and property, as to enable the defendant to understand distinctly the offense complained of and to answer the complaint."

PETITION for writ of *habeas corpus* to the sheriff of the County of Placer to test the validity of a conviction under a complaint for misdemeanor in the justice's court of Township No. 9.

The facts are stated in the opinion of the court.

Tuttle & Tuttle, for Petitioner.

C. A. Tuttle, for Respondent.

HART, J.—The petitioner was convicted by a jury in the justice's court of township No. 9, in Placer county, upon a complaint purporting to charge him with a misdemeanor under the provisions of section 537 of the Penal Code, and was thereupon sentenced to pay a fine of sixty dollars, or, in default of the payment thereof, to be confined in the county jail of said county at the rate of one day for each dollar of said fine.

That portion of the provisions of said section within which it was sought, by the charging part of the complaint, to bring the alleged act of the petitioner, reads as follows: "Any person who obtains any food or accommodation at an hotel, inn, restaurant, boarding-house or lodging-house without paying therefor, with intent to defraud the proprietor or manager thereof, . . . is guilty of a misdemeanor."

It is claimed by the petitioner that the complaint upon which he was convicted does not state a public offense under section 537 of the Penal Code, *supra,* and that, therefore, the court was without jurisdiction to try him upon the purported charge and that he is now restrained of his liberty under a judgment which is absolutely void.

The charging part of the complaint is in the following language: "The said defendant, at the time and place last aforesaid did willfully and unlawfully defraud the said Theros Theros, keeper of a boarding-house, by leaving and going away from the said boarding-house without first paying his bill, with deliberate intent to defraud the said Theros Theros out of the amount due thereon, to wit: Forty-five dollars."

It was admitted at the hearing of this petition that the petitioner had taken an appeal from the judgment of the justice's court to the superior court of Placer county, but that said appeal is still pending.

It is scarcely necessary to remark that the complaint upon which the petitioner was convicted could not for a moment be regarded as sufficient as an accusatory pleading if tested by a demurrer. It is undoubtedly obnoxious to every criticism to which it is subjected by counsel for petitioner. But the question here is, how far may an inquiry be extended in a proceeding upon habeas corpus in a case like the one here, where, it is manifestly clear, from the averments of the com-

plaint, that there is thus at least an attempt to charge an offense known to the law, within the jurisdiction of the justice's court. The question is not altogether free from difficulty in view of the decisions, if we do not misapprehend the full import of some of the more recent ones involving a discussion of the proposition.

In the case of *Ex parte Ruef, on Habeas Corpus*, 150 Cal. 665, [89 Pac. 605], the claim, on behalf of the petitioner, that the indictment failed to state a public offense was rejected in that proceeding, the court saying: "We think the true rule is that where an indictment purports or attempts to state an offense of a kind of which the court assuming to proceed has jurisdiction the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on *habeas corpus*. Here the indictments clearly *attempt* to charge extortion, a crime defined by section 518, *et seq.*, of the Penal Code, and within the jurisdiction of the superior court." This appears to be only a restatement of the rule as it was applied to cases of misdemeanor in early cases decided by the supreme court. (*Ex parte Maier*, 103 Cal. 476, [42 Am. St. Rep. 129, 37 Pac. 402]; *Ex parte Williams*, 121 Cal. 328, [53 Pac. 706].) In the last-mentioned case, in which the petitioner, as is the case here, was restrained of his liberty for an alleged violation of section 537 of the Penal Code, it is said: "While the inquiry on *habeas corpus* may extend to the question whether the complaint or information charges an offense known to the law, since this objection goes to the question of jurisdiction, the proceeding may not be made to subserve the office of a demurrer; and if the facts alleged *squint at a substantive statement of the offense,* (italics mine) no matter how defectively or inartificially they may be stated, or however confused and beclouded they may be rendered through intermingling them with immaterial or unnecessary averments, the writ will not lie"; citing *Ex parte Whitaker*, 43 Ala. 323, and *Matter of Prime*, 1 Barb. (N. Y.) 340.

But my attention is called to the recent case of *Ex parte Greenall*, 153 Cal. 767, [96 Pac. 804], in which the court appears to extend the doctrine as to misdemeanors and accords to it much wider scope than it has ever before been given in any other case which I have yet seen, as I understand the

decision.   The petitioner in that case had been convicted in a justice's court on a complaint charging him with an infraction of the provisions of a statute passed by the legislature of 1907 designed for the regulation of the practice of medicine and surgery, osteopathy, and "other systems or modes of treating the sick or afflicted," etc.   The complaint in that case seems to have *attempted* "to state an offense of a kind of which the court assuming to proceed has jurisdiction," as the court said was enough as to an indictment in the case of *Ex parte Ruef,* 150 Cal. 665, [89 Pac. 605], or, as was said in *Ex parte Williams,* 121 Cal. 328, [53 Pac. 706], *squinted* "at a substantive statement of the offense."   In the Greenall case the question of the sufficiency of the complaint to state a public offense under the statute involved therein is treated as though arising on a special demurrer.   But the court answers the contention of the respondent in that case "that if there is in this state such an offense as that of which petitioner was convicted, the sufficiency of the complaint is immaterial on *habeas corpus,*" as follows:   "The rule of the Ruef case has never been applied by this court to proceedings in courts of inferior, as distinguished from courts of general, jurisdiction.   To the contrary, it has been the uniform practice to consider on *habeas corpus* the question of the sufficiency of the complaint in such inferior courts, and to discharge the prisoner where such complaint failed to show a public offense under the laws of the state."

I frankly confess that I am unable to perceive any logical ground for drawing a distinction between felony and misdemeanor cases, where, in either case, the accusatory document fails to state facts sufficient to show the commission of a public offense known to the law, unless it is intended to arbitrarily declare that, because the law furnishes no method by which misdemeanor cases may be carried to the higher courts for the correction of errors, the writ of *habeas corpus* may be extended in its scope, in such cases, and made to perform practically the office of a writ of error.   I see no serious objection to thus enlarging the scope of the writ, in which event there would then appear a valid reason for the distinction which appears to have been established in the Greenall case.

Of course, it is only a trite declaration to say that the sole purpose of the writ of *habeas corpus* is to try and determine

questions of jurisdiction in the class of cases to which it is applicable, and, obviously, if either a complaint in a justice's court or an indictment absolutely fails to state any public offense known to the law, the court in which such accusatory pleading is filed is manifestly without jurisdiction to restrain the liberty of the person so charged or to put him upon trial under such pretended complaint or indictment.

It does not definitely appear from the opinion in the Greenall case, *supra,* that the court intends to hold that the writ of *habeas corpus,* as to misdemeanors of which justices' and police courts have jurisdiction, shall serve the purpose of a writ or proceeding for the correction of errors, and, therefore, I agree with the court in the case of *Ex parte Williams,* 121 Cal. 328, [53 Pac. 706], that the writ is not to be made to subserve the office of a demurrer.

Section 537 of the Penal Code is a valid statute. (*Ex parte Ruffin,* 119 Cal. 487, [51 Pac. 862], and *Ex parte Williams,* 121 Cal. 328, [53 Pac. 706].) This court may, of course, take judicial notice of its provisions and that it contains several different clauses describing as many different acts, any one of which constitutes a public offense of which a justice's court has jurisdiction.

As seen, it provides, *inter alia,* that any person who obtains any food or accommodation at an hotel, inn, restaurant, boarding-house or lodging-house, without paying therefor, with intent to defraud the proprietor or manager thereof, may be punished as for a misdemeanor.

The complaint here, while defectively and inartificially drawn, and could not for an instant, as before stated, resist the force of a demurrer, nevertheless clearly discloses an attempt at charging an offense under that section. It cannot be said, without challenging common intelligence, that a mere reading of the document will not at once indicate that it was sought therein to charge the petitioner with the violation of the first clause of section 537 of the Penal Code.

Counsel for petitioner, criticising the complaint as though its sufficiency were being tested by a special demurrer, declares that it cannot be ascertained from its allegations whether the alleged "bill" was incurred for "food or accommodations at any hotel, inn, . . . or boarding-house," etc., and whether the "defendant defrauded the *proprietor* or *manager* of any hotel," etc. In support of the first stated

criticism it is suggested that the alleged "bill" may have been "incurred for laundry, livery hire, or any such matter." Tested by this proceeding, I think the complaint must not be construed into an absurdity, for certainly it would be absurd to say that the "bill" referred to in the complaint was incurred for some purpose which this court judicially knows could not be made the foundation of a criminal prosecution, if incurred under the circumstances shown by the complaint. I have said that the complaint, by its allegations, fairly represents a "squint" at a substantive statement of a public offense under section 537 of the Penal Code. If this be true, would it not do violence to common sense to declare that the "bill" alleged in the complaint was not incurred for "food or accommodation" at the boarding-house of which the complaint alleges that the party alleged to have been defrauded is the keeper? It is a fact within the range of common knowledge that "laundry work" and "livery hiring" are not amongst the natural concomitants of the business of keeping a "boarding-house." With equal logic and reason, it could be argued that the word "bill," as used in the complaint, might refer to the fee of a lawyer or the wages of a laborer. The word should be given, in this proceeding, the meaning it must naturally import in the connection in which it is used in the complaint. This court, as I have declared, judicially knows that the offense sought to be charged is that denounced by the section of the code referred to, and it would, therefore, be absurd for the court to say that the word "bill" has reference to some other subject or matter than some one of those to which the section relates.

I think the second objection to the complaint is equally as untenable in this proceeding.

The statute uses the words "*proprietor or manager*" of an inn, hotel, or boarding-house, whereas the complaint alleges that the complaining witness is "*keeper* of a boarding-house," and counsel insists that this deviation from the language of the statute is fatal to the jurisdiction of the court. It is true that, as a general rule, in charging a person with a crime, if the allegations of the accusatory pleading are substantially in the language of the statute under which the charge is made it is sufficient. But this rule does not mean that the language of the statute should be literally followed. In some cases a

10 Cal. App.—33

literal following of the language of the statute without some other averments would not be sufficient to state an offense. The true rule is that if the offense charged is set forth with such "particulars of time, place, person and property as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint," then the pleading is impregnable against demurrer. (Pen. Code, sec. 1426.)

The meaning of the word "keeper" as employed in the complaint is not so obscure or indefinite as to compel a court to declare, in a proceeding of this character, that, by its use in lieu of either of the words used in the statute as descriptive of the persons who may be defrauded, the want of jurisdiction in the court of the person of the petitioner is made to appear. In truth, the word has a broader meaning than either the word "proprietor" or "manager," as employed in the statute, for it may include either or both. According to Webster, "keeper" is "one who has the care, custody or superintendence of anything," or "one who has or holds possession of anything." Colloquially the term "saloon-keeper" is generally understood to mean the proprietor of a saloon. I think the phrase, "keeper of a boarding-house" has, commonly, the same meaning. If the complaint had alleged that the complainant was "the *owner* of a boarding-house," counsel would surely not, on demurrer, contend that the language of the statute had not been substantially followed, the complaint being otherwise sufficient, although the word "owner" is not used in the section. I entertain no doubt that the word "keeper" as used in the complaint, so far as that part of the document is concerned, with sufficient clearness, at least for the purposes of this proceeding, indicates that the party who is alleged to have been defrauded by the petitioner is either proprietor or manager, or both, of the boarding-house referred to in the complaint.

The petitioner, as seen, has preserved the last remedy available to him in the ordinary course of law, and I do not hesitate to venture the opinion that had he pressed his appeal in the superior court there would have been no necessity for seeking his summary discharge through this proceeding.

For the reasons stated in the foregoing, the alternative writ is discharged and the petitioner remanded.

Burnett, J., and Chipman, P. J., concurred.