[Crim. No. 223.  Second Appellate District.—October 20, 1911.]

## Ex Parte FRANCIS A. SULLIVAN, on Habeas Corpus.

CRIMINAL LAW—OFFENSE OF "COHABITATION AND ADULTERY"—CHARGE AGAINST "UNMARRIED MAN"—INSUFFICIENT COMPLAINT—HABEAS CORPUS.—A complaint under section 269a of the Penal Code, as amended March 21, 1911, which charges an "unmarried man" with the crime of "cohabitation and adultery with a married woman," states no offense against him. "Adultery" is defined in section 93 of the Civil Code as "the voluntary sexual intercourse of a married person with a person other than the offender's husband or wife"; and since it is made to appear in the affidavit of complaint that the defendant was "not a married person," it shows him incapable of committing the offense charged against him; and he is entitled to be discharged upon *habeas corpus*.

ID.—DEFENDANT NOT CHARGED AS PRINCIPAL UNDER PENAL CODE—WOMAN NOT CHARGED—KNOWLEDGE OF MARRIAGE NOT STATED.—The defendant cannot be treated as a principal offender with the married woman, under section 31 of the Penal Code, where the complaint does not purport to charge the married woman with any offense, nor does it appear therefrom that the defendant knew that she was a married woman. It is therefore held that, in no event, under the circumstances disclosed, can the complaint be said to state a public offense against the petitioner.

ID.—CONSTRUCTION OF PENAL CODE—PROVISION INAPPLICABLE TO PERSON INCAPABLE OF COMMITTING OFFENSE.—The opinion is expressed, though held unnecessary to the decision, that it manifestly was not

the intent of the legislature, by said section 31 of the Penal Code, to declare a person guilty of aiding and abetting another in the commission of a crime, where such person, by reason of his status, is himself incapable of committing the offense.

APPLICATION for discharge upon writ of *habeas corpus.*

The facts are stated in the opinion of the court.

Charles S. McKelvey, for Petitioner.

Guy Eddie, City Prosecutor of City of Los Angeles, and Ray E. Nimmo and Frank W. Stafford, Deputy City Prosecutors, for Chief of Police, Respondent.

THE COURT.—Petitioner was committed to the custody of the chief of police on account of nonpayment of a fine imposed by a police judge in a certain proceeding wherein petitioner was charged with cohabitation and adultery with a married woman named. The affidavit of complaint upon which the proceedings before the police court were based charged that, on a day named, in the city of Los Angeles, "the crime of adultery and cohabitation was committed by Francis A. Sullivan (petitioner herein), who at the time and place last aforesaid did willfully and unlawfully live with one Corinne Royse in a state of cohabitation and adultery, the said defendant Francis A. Sullivan being then and there an unmarried man, and the said Corinne Royse being then and there a married woman." The sufficiency of this affidavit is the question for determination. The proceeding was based upon section 269a of the Penal Code, as amended March 21, 1911 [Stats. 1911, p. 426], which provides that "every person who lives in a state of cohabitation and adultery is guilty of a misdemeanor and punishable by a fine," etc.

Adultery is defined by section 93 of the Civil Code as "the voluntary sexual intercourse of a married person with a person other than the offender's husband or wife." It was made to appear in the affidavit of complaint that petitioner was not a "married person"; hence he was shown to be incapable of committing the offense.

Conceding that petitioner was not, for the reason given, charged with committing the substantive offense as the same is defined by the code, it is, nevertheless, insisted by respondent that, inasmuch as the complaint alleged the woman with whom he cohabited to be a married woman, and therefore guilty of adultery, he must be deemed a principal under the provisions of section 31 of the Penal Code, which provides that "all persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, . . . are principals in any crime so committed." The theory of respondent is that, inasmuch as the woman named in the complaint was shown to have been guilty of the offense, in aid of the commission of which petitioner contributed, therefore he is properly charged therewith as a principal. The complaint, however, does not purport to charge the woman with any offense; neither does it appear therefrom that petitioner knew that she was a married woman. Hence, in no event, under the circumstances here disclosed, can the complaint be said to state a public offense against petitioner.

While unnecessary to the decision of this case, we are of the opinion that it manifestly was not the intent of the legislature, by said section 31, to declare a person guilty of aiding and abetting another in the commission of a crime where such person, by reason of his status, is himself incapable of committing the offense.

The prisoner is discharged.