[Crim. No. 556. Third Appellate District.—May 2, 1921.]

## In the Matter of the Application of EDWARD M. KASTER for a Writ of Habeas Corpus.

[1] HABEAS CORPUS—SUFFICIENCY OF COMPLAINT.—While a writ of *habeas corpus* will lie after conviction on a criminal charge if the complaint wholly fails to state a cause of action, the proceeding may 'not be made to subserve the office of a demurrer, and if the facts alleged squint at a substantive statement of the offense, the writ will be denied, no matter how defectively or inartificially the facts may be stated, or however confused and beclouded they may be rendered through intermingling them with immaterial or unnecessary averments.

[2] CRIMINAL LAW—VIOLATION OF MOTOR VEHICLE ACT—PLEADING—SUFFICIENCY OF COMPLAINT.—A complaint filed in a township justice's court charging a violation of the Motor Vehicle Act in the county without designating the township in which the violation was committed, charges an offense known to the law, since, in the absence of express statutory limitation, the general jurisdiction of a justice's court runs to the entire county in criminal cases.

[3] ID.—DEFECT IN PROCESS—VOLUNTARY APPEARANCE AND DEMAND FOR JURY TRIAL—WAIVER.—A defendant is not entitled to his discharge after trial and conviction on a charge of violation of the Motor Vehicle Act by reason of a defect in the process of bringing him before the court for trial, where he appeared, entered a plea of not guilty, announced that he was ready for trial, and demanded a jury.

[4] HABEAS CORPUS—EVIDENCE—SUFFICIENCY OR ADMISSIBILITY NOT REVIEWABLE.—The question of the sufficiency of admissibility of evidence in a criminal case cannot be reviewed on *habeas corpus*.

APPLICATION for a Writ of Habeas Corpus to secure release after conviction of violation of Motor Vehicle Act. Denied.

The facts are stated in the opinion of the court.

Thomas B. Leeper for Petitioner.

Hugh B. Bradford and Clifford Russell for Respondent.

ANDERSON, P. J., *pro tem.*—Petitioner was convicted in the justice's court of American township of Sacramento

County by a jury of a misdemeanor arising under the "Vehicle Act" (Laws 1915, p. 397), in that the defendant did "unlawfully drive and operate an automobile upon the public highway at an excessive rate of speed, to wit, in excess of thirty-five miles per hour," etc. The defendant was thereupon sentenced to be confined in the Sacramento County jail for a period of sixty days with no alternative.

Petitioner contends that the justice's court did not have jurisdiction of the person of defendant. In order to understand the contentions made by petitioner it will be necessary to set forth a brief statement of the evidence.

From the evidence it appears that in the month of September, 1920, the defendant was driving an automobile, known as a Deusenberg racing car, along a paved highway, which highway traversed the territory embraced within two adjoining townships, known as "American" and "Center," in the county of Sacramento. In the course of his travel petitioner passed through American township, and at a certain point therein, while passing several buildings, the constable of American township made an effort to stop petitioner, but was unsuccessful, defendant continuing on into Center township, wherein he was arrested by a traffic officer, who gave the defendant the notice provided in subdivision "C" of section 22 of the Vehicle Act, which notice directed petitioner to appear before the magistrate of American township, and which the defendant promised in writing to do. (No proof was offered to show that petitioner demanded to be taken before the "most accessible magistrate," as provided in subdivision "C" of said act.)

Thereafter the complaint herein was sworn to by said traffic officer in said American township, charging petitioner, as aforesaid, with violating the Vehicle Act in the county of Sacramento, without designating the township in which the violation was committed. The transcript does not show that a warrant of arrest was issued thereupon. Upon the hearing of the petitioner herein it was admitted that the verdict of the jury had been affirmed upon appeal by the superior court in and for the county of Sacramento, and petitioner also admitted at the hearing herein, and an examination of the transcript of the evidence shows, that the verdict was sustained by the evidence upon the charge that

the Vehicle Act was violated by petitioner within the said American township, as charged in the complaint.

Before the trial of said cause the defendant, petitioner herein, moved the said justice's court to "quash the complaint," as follows:

"Comes now the defendant in the above named proceeding and moves the Court to quash or dismiss the complaint in said proceeding upon the ground that the above entitled Justice's Court and the Magistrate thereof has no jurisdiction of the alleged offense charged in said complaint, in this, that said alleged offense was not committed in the above entitled township, but said alleged offense was committed in Center Township, Sacramento County, State of California, and that the traffic officer should have notified this defendant to appear before the Justice or Magistrate of said Center Township, whereas in fact said traffic officer apprehended this defendant in said Center Township and served a notice upon this defendant to appear before the Justice or Magistrate of the above entitled township, which Justice or Magistrate and Township is outside of the Township where said alleged offense was given, and outside the Township where defendant was apprehended, and outside the Township in which said notice was served upon defendant."

The motion was thereafter heard upon affidavits and counter-affidavits, and duly denied by the court, and thereupon and thereafter the defendant was duly arraigned and entered a plea of "not guilty," whereupon a trial by jury was regularly had, resulting in a verdict of "guilty," as aforesaid.

The main contentions advanced by petitioner are, first, that the complaint fails to state a cause of action by reason of the omission therefrom to state the township in which the offense was committed; and, secondly, that by reason of the traffic officer having served notice upon petitioner to appear before a magistrate outside of the township in which the notice was served, and the appearance of petitioner in said township in response to said notice so served, petitioner could not be prosecuted for an offense committed in said township, and which was outside the township in which the notice was served. Both conten-

tions are so intermingled that they may properly be considered together.

[1] Upon the first point urged it may be said that the law is clear that when the complaint wholly fails to state a cause of action the writ of *habeas corpus* will lie (*Ex parte Williams,* 121 Cal. 328, [53 Pac. 706]; *Ex parte Kearny,* 55 Cal. 228; *Ex parte Sullivan,* 17 Cal. App. 278, [119 Pac. 526]); but " . . . the proceeding may not be made to subserve the office of a demurrer; and if the facts alleged squint at a substantive statement of the offense, no matter how defectively or inartificially they may be stated, or however confused and beclouded they may be rendered through intermingling them with immaterial or unnecessary averments the writ will not lie. (*Ex parte Whitaker,* 43 Ala. 323; *Matter of Prime,* 1 Barb (N. Y.) 340.) " (*Ex parte Williams,* 121 Cal. 330, 331, [53 Pac. 706]. To same effect, *Ex parte Ruef,* 150 Cal. 665, [89 Pac. 605]; *In re Avdalas,* 10 Cal. App. 507, [102 Pac. 674].)

In the case last cited Mr. Justice Hart exhaustively reviews the question and distinguishes the authorities.

[2] Viewing the complaint in the light of the foregoing authorities, we must hold that the complaint "charges an offense known to the law." (Subd. A, sec. 22, Vehicle Act.)

The offense having been committed in Sacramento County, and being punishable by fine not exceeding five hundred dollars or by imprisonment in the county jail not exceeding six months, or both, the justice's court had jurisdiction of the subject matter of the offense. (Sec. 1425, Pen. Code.)

If anything further need be added to complete the jurisdiction, it is supplied by the fact that the defendant was charged with the commission of the offense in American township, the complaint was laid in said township, the trial was had in said township and the defendant was present with his counsel and participated in the trial of said offense in said township; and it is admitted that the evidence was sufficient to sustain the charge made in the complaint against the petitioner.

In answer to the first point made, it should be said that we are unable to find anything in the statute making it mandatory to insert in the complaint the name of the

township wherein it is claimed the offense was committed, nor do we find language in the statute limiting the trial of violations of the statute to the respective township wherein the offense is committed. In the absence of such express statutory limitation, the general jurisdiction of a justice's court runs to the entire county in criminal cases.

Even if good pleading under the statute required the insertion of the name of the township wherein it is claimed the offense was committed, yet objection could not avail petitioner when made for the first time in this court in this character of proceeding; objection should have been made in some appropriate form before the trial.

Upon the contention made by petitioner that he was not convicted by due process of law for the reason that every form of law was not complied with, it is sufficient to say that, so far as the record reveals, after the petitioner appeared before the magistrate of American township in response to the notice given, the notice had served its purpose and the defendant had fully complied with his written promise to appear. In order to compel his attendance further it was necessary to serve a warrant of arrest upon defendant, founded upon a proper complaint. It seems that this was not done. This not having been done, and it not appearing that a waiver by the defendant was made, it would appear that he was no longer held under the process of the court. In this situation he was not under duress, under restraint, nor in custody. Thus being free of the restraint of the law at this time, he entered a plea of "not guilty," announced that he was ready for trial, and demanded a jury trial.

[3] But aside from the action of the defendant and his counsel, as herein recited, in proceeding to trial, we think the defendant cannot be released from the judgment by reason of any defect in the process of bringing him before the court for trial. We think no greater effect, if as much, can be given to the written notice and promise to appear than could be given to a warrant of arrest, and it has been held that even a void warrant cannot operate to discharge a prisoner after trial and conviction.

"The court had jurisdiction of the subject matter, and however irregular the proceedings taken to obtain jurisdic-

tion of the person, its judgment is final and conclusive. . . . The fact that the process has not been served by the proper person, or at the proper place or time, or that the warrant or order upon which a prisoner has been arrested is void, and the arrest unlawful, will not render the judgment void and subject to a collateral attack.   (*Ex parte McGill*, 6 Tex. App. 498; *Dorente* v. *Sullivan*, 7 Cal. 279; *Peck* v. *Strauss*, 33 Cal. 678, 685; *Owens* v. *Gotzian*, 4 Dill. 436, 438, [Fed. Cas. No. 10,634]; *Ex parte Kellogg*, 6 Vt. 509, 511; Freeman on Judgments, sec. 126.)   After final judgment of conviction, the jurisdiction of the court cannot be questioned by an inquiry into the manner in which the accused was brought before it; and this is true, even though the prisoner has been kidnaped and forcibly brought before the court from a foreign jurisdiction.   (*People* v. *Rowe*, 4 Park. Cr. (N. Y.) 253; *United States* v. *Lawrence*, 13 Blatchf. 295, 306, [Fed. Cas. No. 15,573]; *Ex parte Scott*, 9 Barn. & C. 446, [109 Eng. Reprint, 166]; *State* v. *Smith*, 1 Bail. (S. C.) 283, [19 Am. Dec. 679]; *State* v. *Brewster*, 7 Vt. 118; *State* v. *Ross*, 21 Iowa, 467.)   In the last-named case it was said: 'The liability of the parties arresting them [the defendants] without legal warrant for false imprisonment or otherwise, and their violation of the penal statutes of Missouri, may be ever so clear, and yet the prisoners not be entitled to their discharge.'   (See, also, *Mahon* v. *Justice*, 127 U. S. 700, [32 L. Ed. 283, 8 Sup. Ct. Rep. 1204, see, also, Rose's U. S. Notes], where the cases bearing upon this question are thoroughly reviewed by Mr. Justice Field.)'' (*Ex parte Ah Men*, 77 Cal. 201, 202, [11 Am. St. Rep. 263, 19 Pac. 380, 381].   To the same effect are *People* v. *Pratt*, 78 Cal. 345, [20 Pac. 731]; *Ex parte Clark*, 85 Cal. 204, [24 Pac. 726]; *People* v. *Staples*, 91 Cal. 23, [27 Pac. 523]; Crocker on Sheriffs, 3d ed., p. 35.)

[4]   Petitioner also complains that evidence of the offense committed in Center township was also introduced at the trial, but with this contention we have nothing to do, as the reviewing court, on appeal, must determine this, for the question of the sufficiency or admissibility of the evidence cannot be reviewed on *habeas corpus*.   (*Roberts* v. *Police Court*, 185 Cal. 65, [195 Pac. 1053]; *In re Kennedy*, 144 Cal. 634, [103 Am. St. Rep. 117, 1 Ann. Cas. 840, 67 L. R. A. 406, 78 Pac. 34]; *In re Jacobs*, 175 Cal. 661, [166

Pac. 801]; *In re Leonardino,* 9 Cal. App. 690, [100 Pac. 708]; *Ex parte Clark,* 110 Cal. 405, [42 Pac. .905].)
The writ is dismissed and the petitioner remanded.

Burnett, J., and Hart, J., concurred.