[Crim. No. 1127. First Appellate District, Division One.—May 10, 1923.]

In the Matter of the Application of KATHARYN HAYWARD for a Writ of Habeas Corpus.

[1] INTOXICATING LIQUORS — VIOLATION OF MUNICIPAL ORDINANCE — DEFECTIVE COMPLAINT—HABEAS CORPUS.—Where the complaint in a prosecution before a justice's court for a violation of a municipal liquor ordinance does not wholly fail to state a cause of action, but at most is merely defective, in that it does not specifically allege that the intoxicating liquor was sold for beverage purposes, such defect might be remedied by demurrer or by motion in arrest of judgment; but where such objection is not raised in the justice's court, or in the superior court on appeal from the judgment of conviction, and such judgment is affirmed, the defendant is not entitled to her release upon *habeas corpus*.

PROCEEDING in Habeas Corpus to secure the release of petitioner after conviction of violation of a municipal liquor ordinance. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

Harry G. McKannay and Allen C. Cunha for Petitioner.

62 Cal. App.—12

Ezra W. Decoto, District Attorney, and Frank M. Shay, Assistant District Attorney, for Respondent.

ST. SURE, J.—Petitioner, Katharyn Hayward, was convicted in the justice's court of the city of Berkeley upon a complaint alleging in part and charging as follows:

"That heretofore, to wit, on the 14th day of June, 1921, the City Council of the City of Berkeley, in pursuance of the power and authority in it vested by the Constitution of the State of California, and in it vested by law, duly passed and adopted a certain ordinance, entitled 'Ordinance No.. 724–N. S., Prohibiting the Sale, Manufacture, unlawful possession or Transportation of Intoxicating Liquors, and Providing Penalties for Violation Hereof.'

"That said Ordinance No. 724–N. S. now is in full force and effect in the City of Berkeley. That Section 18 of said Ordinance No. 724 N. S. declares any violation of said Ordinance No. 724 N. S. to be a misdemeanor.

"That heretofore, to wit, on the 3d day of October, 1922, in the City of Berkeley, in the County of Alameda, State of California, a certain person, to wit: Katharyn Hayward, did then and there commit the crime of misdemeanor, to-wit, the said Katharyn Hayward did then and there willfully, and in violation of said Ordinance No 724 N. S., and more particularly Section 2 thereof, sell intoxicating liquor within the City of Berkeley, thereby violating the provisions thereof, and thereby becoming liable to the penalty provided therein."

[1] Petitioner pleaded guilty and was sentenced to imprisonment in the county jail of the county of Alameda for a period of six months. Thereafter she took an appeal from the judgment of conviction to the superior court of the county. The superior court affirmed the judgment of the justice's court and she was remanded to the custody of the sheriff. Subsequently she applied to this court for a writ of *habeas corpus* and was released upon bail pending a hearing of this proceeding.

Petitioner's sole contention is that the complaint upon which she was convicted "utterly and wholly fails to state a public offense known to the law," for the reason that it fails to allege that the intoxicating liquor was sold *for beverage purposes*. Section 2 of the ordinance particularly

referred to in the complaint, and for violating the provisions of which petitioner was arrested, reads as follows:

"Section 2. No person shall manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor, except as authorized in this ordinance, and all the provisions of this ordinance shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented. Liquor for non-beverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered, furnished and possessed, but only by a person holding a valid permit from the United States Internal Revenue Department, and only in accordance with the laws of the United States; provided, nothing in this ordinance shall prevent the purchase and sale of warehouse receipts covering distilled spirits on deposit in government bonded warehouses, and no special tax liability shall attach to the business of purchasing and selling such warehouse receipts."

Counsel for petitioner concede that a writ of *habeas corpus* may not subserve the office of a demurrer (*In re Ruef,* 150 Cal. 665 [89 Pac. 605]), but argue that this rule does not apply to courts of inferior and limited jurisdiction, citing *Ex parte Kearny,* 55 Cal. 212, and *Ex parte Greenall,* 153 Cal. 767 [96 Pac. 804]. Since the opinion in *Ex parte Greenall, supra,* was written, in 1908, there has been exhaustive discussion of the rule mentioned. Mr. Justice Hart, in *In re Avdalas,* 10 Cal. App. 507, 512 [102 Pac. 674, 676], says: "It does not definitely appear from the opinion in the Greenall case, *supra,* that the court intends to hold that the writ of *habeas corpus,* as to misdemeanors of which justices' and police courts have jurisdiction, shall serve the purpose of a writ or proceeding for the correction of errors, and therefore, I agree with the court in the case of *Ex parte Williams,* 121 Cal. 328 [53 Pac. 706], that the writ is not to be made to serve the office of a demurrer."

Petitioner in *In re Turck,* 37 Cal. App. 601, 604 [174 Pac. 100], relied upon *Ex parte Kearny, supra,* and *Ex parte Greenall, supra.* Mr. Justice Conrey, in the opinion of the court, says: " . . . *Ex parte Kearny,* 55 Cal. 212. The particular application of the rule in that case was that the court determined that the alleged offense stated in the com-

plaint in the police court where the petitioner was convicted did not constitute any crime against the law, and that therefore the petitioner was entitled to be discharged on *habeas corpus*. In *Ex parte Greenall*, 153 Cal. 767, 770 [96 Pac. 804, 806], the court said: 'It has been the uniform practice to consider on *habeas corpus* the question of the sufficiency of the complaint in such inferior courts, and to discharge the prisoner where such complaint failed to show a public offense under the laws of the state.'

"The courts have been careful, however, not to extend the principles above stated so far as to interfere with the use of the right of appeal as the ordinary remedy of a defendant in a criminal case. 'The writ of *habeas corpus* is not intended to review the regularity of the proceedings in any case, but rather to restore to his liberty the citizen who is imprisoned without color of law.' (*In re Kowalsky*, 73 Cal. 120, 122 [14 Pac. 399].) 'A writ of *habeas corpus* cannot be made the vehicle of determining mere errors, where a conviction has been had and the commitment thereon is in due form. If the court below had no jurisdiction of the offense charged, or if it affirmatively appears by the record that the prisoner was tried and sentenced for the commission of an act which, under the law, constitutes no crime, the judgment is void and the prisoner should be discharged.' (*Ex parte Miranda*, 73 Cal. 365, 371 [14 Pac. 888, 891].) In *Ex parte Turner*, 75 Cal. 226 [16 Pac. 898], it appeared that in a police court the petitioner had been convicted of a misdemeanor. The judgment did not recite the date of the offense or state the elements of the crime as fully as they were necessarily stated in the complaint. Nevertheless the petitioner was remanded, the court saying: 'The distinction between a void and a voidable judgment is sometimes very nice, and the judgment will fall under the one class or the other accordingly as it is regarded for different purposes. . . . After trial and conviction the commitment is of a higher dignity than an ordinary commitment holding to answer. This is true with courts, both of special or limited jurisdiction and those of general jurisdiction. The judgment of a court of inferior jurisdiction is, to a great extent, as far beyond the reach of collateral attack by the writ of *habeas corpus* as the judgments of higher courts are. (Church on Habeas Corpus, sec. 240.) . . . The

failure of the court to state the elements of the crime in the judgment as fully as they were necessarily stated in the complaint does not render the judgment void. The offense is sufficiently designated in the judgment. To entitle the petitioner to a discharge, we must necessarily assume that the record of conviction fails to show the commission of any offense. To reach this conclusion we should have to resort to a hypercritical, overnice, and technical examination of the commitment, convert the writ of *habeas corpus* into a writ of error, and defeat the ends of justice.' "

In *In re Reineger*, 184 Cal. 97 [193 Pac. 81], also a *habeas corpus* proceeding, the supreme court said at page 104 of 184 Cal. [193 Pac. 84]:

"It may be that the complaint is uncertain because it does not state whether the petitioner is a wholesale dealer or a retail dealer as defined in the act. It does not allege whether the sixty cans sold amounted to one full case or not. *Habeas corpus* lies in such cases only when the magistrate is without jurisdiction to issue the warrant of arrest. Where a complaint in a court of inferior jurisdiction states facts showing that the defendant has committed a public offense, but is subject to attack by demurrer on the ground that it is uncertain as to the particular offense committed, the inferior court has jurisdiction and the defect will not be ground for his release on *habeas corpus*. (*Ex parte McNulty*, 77 Cal. 164, 166 [11 Am. St. Rep. 257, 19 Pac. 237].) There is nothing in *Ex parte Kearny*, 55 Cal. 212, or *Ex parte Greenall*, 153 Cal. 767 [96 Pac. 804], that is contrary to this rule. The complaints there considered failed to show that the defendant had committed any offense whatever." This opinion was written by Mr. Justice Shaw, and concurred in by the then Chief Justice Angellotti, who wrote the opinion in *Ex parte Greenall*.

In *In re Culver*, 187 Cal. 437 [202 Pac. 661], Mr. Justice Lennon, writing the opinion for the court, says: "It is true, as petitioner contends, that it is a settled rule in *habeas corpus* proceedings that a court may determine whether or not a complaint in a justice's court in a criminal proceeding states facts sufficient to constitute a public offense. (*Ex parte Kearny*, 55 Cal. 212; *Ex parte Greenall*, 153 Cal. 767, 770 [96 Pac. 804]; *Matter of Ah Sing*, 156 Cal. 349 [104 Pac. 448].) However, the rule is also well established that

in determining the sufficiency of such a complaint the greatest liberality of construction must be indulged; if the complaint states facts which constitute a crime, it will not be held insufficient because other facts are stated which are irrelevant or immaterial or because the law violated by the alleged acts is inaccurately described therein. (*Ex parte Williams,* 121 Cal. 328, 330 [53 Pac. 706].)''

In the *Matter of Kaster,* 52 Cal. App. 454 [198 Pac. 1029], it was said: ''The law is clear that when the complaint wholly fails to state a cause of action the writ of *habeas corpus* will lie (*Ex parte Williams,* 121 Cal. 328 [53 Pac. 706]; *Ex parte Kearny,* 55 Cal. 228; *Ex parte Sullivan,* 17 Cal. App. 278 [119 Pac. 526]); but . . . the proceeding may not be made to subserve the office of a demurrer; and if the facts alleged squint at a substantive statement of the offense, no matter how defectively or inartificially they may be rendered through intermingling them with immaterial or unnecessary averment, the writ will not lie. (*Ex parte Whitaker,* 43 Ala. 233; *Matter of Prime,* 1 Barb. (N. Y.) 340; *Ex parte Williams,* 121 Cal. 330, 331 [53 Pac. 706].) To the same effect, *Ex parte Ruef,* 150 Cal. 665 [89 Pac. 605]; *In re Avdalas,* 10 Cal. App. 507 [102 Pac. 674].'' The *Matter of Kaster* was heard after decision in the district court of appeal by the supreme court (185 Cal. 647 [198 Pac. 1031], which said: ''The court [referring to the district court of appeal] filed a written opinion. . . . All points available to petitioner on *habeas corpus* are considered in that opinion, which, to our minds, correctly states the law in regard thereto. The application for a writ is denied. All the justices concurred.''

The last expression of the supreme court upon the subject is to be found in *In re Von Perhacs,* 190 Cal. 364 [212 Pac. 689], decided March 1, 1923, in which the court said: ''*Habeas corpus* may not be resorted to in lieu of a demurrer to a complaint in a misdemeanor case upon a ground of uncertainty, etc. The defect, if any, in the complaint in the instant case, for failure to specify the particulars of the offense charged, might have been remedied by demurrer, and if not by demurrer, then by motion in arrest of judgment as provided under section 1452, Penal Code.''

Extended reference is made to the discussion of this subject by the appellate courts for the purpose of demonstrating that there is a marked trend in the decisions toward a more liberal application of the rule as stated in *Ex parte Kearny, supra*, and in *Ex parte Greenall, supra*. Indeed, we feel constrained to say that the rule of those cases has been whittled down by judicial construction until it has become a mere shadow line of authority.

The objection as to the uncertainty of the allegations in the complaint (sec. 952, Pen. Code) is answered by what was said by the supreme court in *In re Von Perhacs*, above quoted, and also, with more particularity, in *In re Reineger*, 184 Cal. 97 [193 Pac. 81], *In re Avdalas*, 10 Cal. App. 507 [102 Pac. 674], and in *People v. Bonfanti*, 40 Cal. App. 614 [181 Pac. 80].

The justice's court of the city of Berkeley is established under the provisions of section 103 of the Code of Civil Procedure. This section provides that "justices of the peace of cities and justice's courts of cities shall also have jurisdiction of all proceedings for the violation of any ordinance of any city in which courts are established, both civil and criminal, . . . and generally exercise all powers, duties and jurisdiction, civil and criminal, of police judges, judges of police courts, recorder's courts or mayor's courts within such city." The justice's court of the city of Berkeley has jurisdiction of certain public offenses committed in the county of Alameda, including "all misdemeanors punishable by fine not exceeding five hundred dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment." (Pen. Code, sec. 1425.) It is plain that the offense charged against the defendant comes within these provisions.

Counsel for petitioner calls our attention to the fact that Ordinance No. 724 (New Series) of the city of Berkeley is identical with the Volstead Act, and cites the cases of *United States v. Dowling*, 278 Fed. 630, *United States v. Horton*, 282 Fed. 731, 732, *State v. Catalino*, 118 Wash. 611 [204 Pac. 179, 180], *State v. Bulloch*, 151 La. 593 [92 South. 127], and *United States v. Boasberg*, 283 Fed. 305, as authority for the proposition that a complaint under such a law fails to state a public offense unless it charges that the intoxicating liquor was sold for "beverage purposes."

An examination of these cases shows that in *United States* v. *Dowling, supra,* each defendant filed a demurrer and the demurrer was sustained, the court stating: "If the indictment is bad the remedy is by demurrer or motion to arrest judgment." In *United States* v. *Horton, supra,* the indictment upon demurrer, was held fatally defective. In *State* v. *Catalino, supra,* the concluding paragraph of the court's opinion is: "The court should have granted the defendant's motion for arrest of judgment and for that reason the judgment is reversed." In *State* v. *Bulloch, supra,* the case was decided upon a motion in arrest of judgment. In *United States* v. *Boasberg, supra,* the matter was submitted and decided upon demurrers and motions to quash the indictments.

The charging part of the complaint is that "Katharyn Hayward did then and there willfully, and in violation of said Ordinance No. 724 N. S., and more particularly section 2 thereof, sell intoxicating liquor within the City of Berkeley, thereby violating the provisions thereof and thereby becoming liable to the penalty provided therein." The most that can be said in criticism of the allegation quoted is that it may not be sufficiently specific, and that it is the mere statement of a conclusion. But, surely, it attempts to charge an offense; it, at least, as was said in *Ex parte Williams,* 121 Cal. 328 [53 Pac. 706], "squints" at an offense. It seems to us that it clearly charges that petitioner sold intoxicating liquor within the city of Berkeley in violation of law. Certainly there is nothing ambiguous about the language used. She was not misled in any way by the charge, and pleaded guilty thereto. The commitment shows that after conviction "defendant Katharyn Hayward being present in court, said defendant was informed by the court of the nature of the complaint filed against her, and of her plea, and of her conviction of said offense, and was asked by the court if she had any legal cause to show why judgment should not be pronounced against her; and no sufficient cause being alleged, or appearing to the court," etc. It is presumed that the police who arrested petitioner, and the magistrate before whom she appeared, was convicted and sentenced, performed their duties properly and with due regard to the law and the rights of the petitioner. We have no hesitancy in saying, in conclusion, that, in our opinion,

the complaint does not wholly fail to state a public offense, and that any defects therein might have been remedied by demurrer or by motion in arrest of judgment.

The writ is discharged and the petitioner remanded.

Tyler, P. J., and Richards, J., concurred.