[Civ. No. 5811. Third Appellate District.—April 13, 1937.]

C. I. GRAHAM, Petitioner, v. JUSTICE'S COURT OF COLUSA JUDICIAL TOWNSHIP, COUNTY OF COLUSA, STATE OF CALIFORNIA, et al., Respondents.

W. A. Latta for Petitioner.

Ralph W. Rutledge, District Attorney, and David B. Denhardt, Deputy District Attorney, for Respondents.

PULLEN, P. J.—By this writ petitioner seeks to prevent respondent court and the justice thereof, from bringing petitioner to trial upon a complaint which, it is alleged, fails to state any offense known to the law.

Two questions are here presented: First, the sufficiency of the complaint under which petitioner is charged, and secondly, the constitutionality of the Honey Standardization Law, Statutes of 1935, chapter 521; Agricultural Code, Statutes 1933, chapter 25.

The complaint upon which the warrant of arrest was issued charges "that on or about the 20th day of November, 1936, at and in the Colusa judicial township . . . the crime of selling unlabeled honey in violation of Section 844 of the Agricultural Code, a misdemeanor, was committed by C. I. Graham, as follows, to-wit: The said C. I. Graham at the time

and place aforesaid did wilfully and unlawfully sell and deliver . . . an unlabeled can of honey''.

It is the use of the word ''unlabeled'' in the complaint instead of the word ''unmarked'' as used in the statute that first draws the fire of petitioner. The only provision in section 844 of the code referring to *labels* reads as follows: '' . . . any containers or subcontainers of honey imported from any territory or foreign country shall be *labeled* with the name of the territory or country of its origin.'' This provision also provides that any blended honey not produced in continental United States as well as honey which is a blend of two or more types of honey, shall be so labeled, and that no containers or subcontainers of honey shall be marked or labeled with the name ''California'' unless produced entirely within this state. It is apparent, however, petitioner was charged with a violation of that part of section 844 of the Agricultural Code, which provides in part, ''All containers or subcontainers of honey shall be conspicuously marked with the name and address of the producer or distributor; the net weight . . . and the grade designation.'' Section 842 makes it unlawful to sell any honey in bulk or in any container or subcontainer which does not conform to the provisions of the code.

Section 843.2 of the code provides, ''When any marks are used or required to be used by this chapter on any container of honey to identify the container or describe the contents thereof, such marks must be plainly and conspicuously marked, stamped, stenciled, printed, labeled or branded . . . on the top, front or side of any container . . . ''

It is the contention of petitioner herein that the code distinguishes between the act of labeling and otherwise marking, stamping, stenciling or branding the container, and therefore objects to the complaint in that he is charged with having sold ''an unlabeled can of honey'' instead of ''an unmarked can of honey''.

We do not believe that the legislature was attempting to make any particular distinction between a mark or other identifying brand. In the common use of language the words *mark* and *label* are interchangeable. Webster defines ''mark'' as an affixed or impressed, distinguishing sign or token; a label; a brand; a seal. ''Label'' is a mark or tag; an identification by inscription of the contents, ownership, etc.

The duty of the court here is to determine whether or not the complaint sufficiently identifies the offense charged. A complaint charging a misdemeanor need not describe the offense with the same degree of technical precision that is required in the case of indictment and information. It is sufficient that the essential elements of the crime are set forth with common certainty or "if the facts alleged squint at a substantive statement of the offense". (*Ex parte Whitaker,* 43 Ala. 323, *Ex parte Williams,* 121 Cal. 330 [53 Pac. 706], and quoted in *In re Kaster,* 52 Cal. App. 454 [198 Pac. 1029] ; *In re Avdalas,* 10 Cal. App. 507 [102 Pac. 674].)

We believe, in view of the foregoing authorities, the complaint charged an offense known to the law.

■ Petitioner also attacks the constitutionality of the Honey Standardization Law.

A considerable portion of the brief of petitioner is devoted to an attack upon the law, but the arguments there advanced are properly addressed to the legislative branch and are not such points as can be considered by us in determining the legality of the act. This act was passed under the police power of the legislature, and was for the purpose of promoting the public health and incidentally to aid the honey industry by establishing known standards of kind and quality. In order to prevent deception in the sale and distribution of honey it is provided, among other things, in the code, that all containers must be conspicuously marked with specific information.

As has been often said, the courts may differ with the legislature as to the wisdom and propriety of a particular enactment as a means to accomplishing a particular end, but as long as there are considerations of public health, safety, morals or general welfare of the public which could have justified the regulation, the courts must assume that the legislative body had those considerations in mind and that those considerations justified the regulation. (*Miller* v. *Board of Public Works,* 195 Cal. 477 [234 Pac. 381, 38 A. L. R. 1479].)

Petitioner also contends that the code provisions are so unreasonable as to transcend the powers of the law-making power, but in *In re Bear,* 216 Cal. 536 [15 Pac. (2d) 489, 83 A. L. R. 1402], the court quoted the following with approval from *Parrott* v. *Benson,* 114 Wash. 177 [194 Pac. 986] : "We cannot hold anything to be unjust discrimination or un-

reasonable legislation which requires merchandise to be sold for just what it is and prevent its sale as something other than it is."

We believe, therefore, that the complaint under which petitioner herein is charged is sufficient, in that it charges defendant therein with an offense within the jurisdiction of respondent court and sufficiently identifies the offense charged, and that the act itself is a constitutional exercise of the power of the legislature.

The writ is discharged.

Thompson, J., and Plummer, J., concurred.