[Crim. No. 617. Third Appellate District.—April 24, 1922.]

## In the Matter of the Application of GUST PAPPAS for a Writ of Habeas Corpus.

[1.] CRIMINAL LAW — VIOLATION OF COUNTY LIQUOR ORDINANCE — DESCRIPTION OF "DRY" TERRITORY—PLEADING.—Where a county liquor ordinance makes the entire county, other than ten excepted places, "dry" territory, and provides that in order to constitute "wet" territory three separate conditions, to wit, fixed place of business designated in the ordinance, and, also, designated in the license authorizing it, and the license must have been issued to the person conducting the business, must concur, a complaint attempting to describe "dry" territory is sufficient in that particular if it pleads the nonexistence of any or all of said conditions.

[2] ID.—SELLING WITHOUT LICENSE—CONSTRUCTION OF COMPLAINT.— Where the complaint charging a violation of such county ordinance avers that the defendant sold liquors in the county at a place "not being a fixed place of business" designated in said ordinance and "not . . . being a licensed place of business" as provided in said ordinance, the further averment "the defendant not then and there having a license" will be construed as intended to aid the description of the place where the liquor was sold as "dry" territory, and not as intended to charge the defendant with selling liquors without having theretofore procured a license so to do.

[3] ID.—PLEADING—CONSTRUCTION.—The construction of a complaint which will not only defeat the evident object of the pleader, but will render the whole complaint meaningless, is to be avoided.

[4] Id.—Defects in Pleading—Habeas Corpus.—Mere defects in a complaint, such as obscurity or ambiguity, cannot be reached by a writ of *habeas corpus.*

PROCEEDING on Habeas Corpus to secure the release of petitioner from custody after conviction of a violation of a county liquor ordinance. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

A. C. Huston, Harry L. Huston and S. W. Cross for Petitioner.

C. C. McDonald, District Attorney, for Respondent.

PREWETT, J., *pro tem.*—This proceeding is identical with case No. 616 (*Ex parte Teddy Pappas, ante,* p. 432 [207 Pac. 483], save that in this the complaint charges a violation of section 1 of the ordinance in question, while Teddy Pappas was charged with a violation of section 3 thereof. Gust Pappas did not in person initiate this proceeding, but it is found convenient to refer to him as the petitioner. Every point involved herein, except that relating to the mere form of the charge, has been decided in said case No. 616 adversely to his contention.

Section 1 of the ordinance, under which the charge is laid, reads as follows:

"Sec. 1. From and after the first day of October 1911, it shall be unlawful for any person, firm, corporation, association or club, as principal, agent, employee or otherwise, within the limits of Yolo County, to sell, furnish, distribute, deliver or give away any alcoholic liquors in any quantity, except at a fixed place of business designated *in this ordinance* and *in the license* authorizing the same duly issued to the person conducting the said business, in the manner hereinafter described." The italics are ours.

The complaint against the petitioner, the material portions of which we quote, does not contain the subdivisions into paragraphs. These are here designated by numbers for convenience in reference. Said material portions read as fol-

---

4. *Habeas corpus* to test indictment, note, **L. R. A.** 1918B, 1156.

lows: "did then and there willfully and unlawfully sell, furnish, distribute, deliver and give away alcoholic liquors within the limits of said Yolo County and

"(1) The said place where the defendant sold, furnished, distributed, delivered and gave away said alcoholic liquors then and there not being a fixed place of business designated in Ordinance No. 72 of Yolo County; and

"(2) The said place where the said defendant sold, distributed, delivered and gave away said alcoholic liquors not being then and there a licensed place of business for selling, furnishing, distributing, delivering and giving away said alcoholic liquors as provided in said Ordinance No. 72 of Yolo County; and

"(3) Said defendant not then and there having a license to sell, furnish, distribute, deliver or give away alcoholic liquors as provided in said Ordinance No. 72."

Petitioner insists that he is charged in the third paragraph of the complaint with selling liquors without having theretofore procured a license so to do. It is conceded that he could not, since the passage of the Volstead Act, procure such a license and he argues therefrom that he is charged with an impossible crime. He would have us read the complaint as though it contained only the following allegation:

"The defendant sold liquors within the limits of Yolo County not then and there having a license so to do."

For the sake of brevity, we will use the popular terms "wet" and "dry." It becomes necessary to examine the several conditions specified in the ordinance which constitute prerequisites to the right to sell liquors in the ten excepted places. The ordinance divides the county into two classes of territory: (1) The (ten) excepted places within which liquors could under certain circumstances be sold; (2) The entire remaining portion of the county, stated to be more than nine-tenths of the county. This remaining portion was, under the ordinance and yet is, "dry."

But these ten excepted places are not unconditionally "wet"; and this fact explains the necessity for the several allegations designated in the complaint as paragraphs 1, 2, and 3. Under the terms of the ordinance the "dry" territory comprises all the county that is not "wet." The "wet" territory is not always "wet." It is in the one class or the other according as the conditions specified in the complaint

as said paragraphs 1, 2, and 3 do or do not exist. A place may be "wet" territory to-day and prohibition territory to-morrow.

In order to constitute "wet" territory the three following conditions must *concur:* 1. A fixed place of business designated in the ordinance; 2. And, also, designated in the license authorizing it; 3. And the license must have been issued to the person conducting the business.

[1] A complaint attempting to describe "dry" territory might be sufficient if it pleaded the nonexistence of any one of said three conditions, since all three must concur. A complaint alleging that the place was one for which no license had been issued to the person conducting a business thereat would have described "dry" territory—the allegation describing not the person, but the place. No less does it charge a crime because it sets out the absence of all three of the necessary conditions, all of which must concur to constitute "wet" territory. The complaint does not charge the petitioner with carrying on a business at all; hence the impossibility of charging him with carrying it on without first procuring the necessary license. The ordinance does not provide for a license to sell or give away liquors in general, but only for a license to sell or give them away at one of ten specifically described places. A party could not have procured a license to sell or give away liquors at one of the ten excepted places save and except that he was the person who was carrying on the business thereat.

But the matter may be viewed from another angle. Conceding that a close reading of the allegation "the defendant not then and there having a license" would, if standing alone, warrant the claim of petitioner that he is charged with a failure to procure the proper license, still the entire complaint must be examined and it must be interpreted in the light of all of its allegations. It is clearly averred that the petitioner sold liquors in Yolo County at a place not designated as one of the ten excepted places. This, of necessity, describes the place as "dry" territory. No more nor less does it describe it as "dry" territory, because it further avers that the place was not a licensed place of business; and no more nor less does it so describe because it further avers that the petitioner did not then and there have a license. It seems to follow, therefore, that the pleader can-

not have intended to charge the petitioner with failure to procure a license, since such failure, because it is shown that the place was not a fixed place of business, is not inhibited in the ordinance. Even in the pre-Volstead days, it would not have charged the crime of failure to procure a proper license. It does not do so now.

[2] It is, therefore, not only possible, but inevitable that we read the averment "the defendant not then and there having a license" as being intended to aid the description of the place as "dry" territory. [3] The construction contended for by the petitioner would not only defeat the evident object of the pleader, but would render the whole complaint meaningless. Such constructions are to be avoided. (*In re Mitchell,* 120 Cal. 384 [52 Pac. 799] ; *Golden* v. *Justice's Court,* 23 Cal. App. 778 [140 Pac. 49].)

[4] At most, the allegation of which the petitioner complains is a mere obscurity or ambiguity, and it is well settled that the writ of *habeas corpus* cannot be made to serve the purposes of a writ of error. Mere defects in a complaint cannot thus be reached. (*Ex parte Williams,* 121 Cal. 328 [53 Pac. 706] ; *In re Avdalas,* 10 Cal. App. 507 [102 Pac. 674].) The writ is discharged and the petitioner remanded.

Finch, P. J., and Hart, J., concurred.