Filed 8/23/22  Hinga v. Martinez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| NICHOLAS HINGA, | B317397 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 19STCV33982) |
| v. | |
| OZ DAVID MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Richard L. Fruin, Jr., Judge.  Reversed.

Law Office of Kenneth I. Gross & Associates and Thomas D. Shambaugh for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Oz David Martinez appeals from a trial court order denying his motion to vacate the default judgment entered against him and in favor of plaintiff and respondent Nicholas Hinga. Defendant argues that the trial court erroneously awarded plaintiff monetary damages when his complaint only sought to quiet title. We agree. Accordingly, we reverse the trial court's order denying defendant's motion to vacate the default judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2019, plaintiff filed a verified complaint against defendant and others asserting one cause of action: Quiet title to real property. Within that cause of action, plaintiff alleges in one paragraph that he is owed $69,722. Attached to the complaint is a mechanic's lien dated June 28, 2019, recorded by plaintiff; plaintiff claims he is owed $69,722 for work performed on the property. But, the complaint does not request monetary damages; rather, the prayer for relief solely requests orders and a determination that he is the rightful holder of title to the property.

On April 28, 2020, plaintiff requested and obtained defendant's default. Notably, the request for entry of default form does not set forth any sums due in the section titled "Judgment to be Entered."

Following a default prove-up hearing on September 15, 2020, the trial court entered judgment in favor of plaintiff and against defendant in the amount of $70,157.

On September 21, 2021, defendant filed a motion to vacate the judgment. He argued that the default judgment was void because the complaint only sought to quiet title and did not include a request for monetary damages. After entertaining oral

2

argument, the trial court denied the motion. Relying upon *Sass v. Cohen* (2019) 32 Cal.App.5th 1032, the trial court noted that the caption of the complaint is not determinative and plaintiff alleged that he was owed $69,722. Thus, his complaint sufficiently put defendant on notice of the damages sought.

Defendant's timely appeal ensued.

## DISCUSSION

### I. *Standard of review and relevant law*

California Code of Civil Procedure, "[s]ection 580, subdivision (a), limits a trial court's jurisdiction to grant relief on a default judgment to the amount stated in the complaint. [Citations.] The amount of the default judgment 'cannot exceed that demanded in the complaint.'" (*Dhawan v. Biring* (2015) 241 Cal.App.4th 963, 968.) "The primary purpose of this section is to insure that defendants in cases which involve a default judgment have adequate notice of the judgments that may be taken against them. [Citation.] 'If a judgment other than that which is demanded is taken against him, [the defendant] has been deprived of his day in court—a right to a hearing on the matter adjudicated.' [Citations.]" (*Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493; see also *Finney v. Gomez* (2003) 111 Cal.App.4th 527, 534–537 [due process requires notice to the defaulting defendant of both the type and amount of relief sought].)

"[A] default judgment rendered in violation of [Code of Civil Procedure] section 580 is void . . . because it is beyond the court's jurisdiction to enter such a judgment." (*Dhawan v. Biring, supra,* 241 Cal.App.4th at p. 974.) "The issue of whether a judgment is void on its face is a question of law, which we review de novo.

3

[Citations.]"  (*Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 961.)

II.  *Analysis*

Applying these legal principles, we conclude that the trial court erred in denying defendant's motion to vacate the default judgment.  Even though the complaint did not demand any monetary damages from defendant, the trial court awarded plaintiff monetary damages.  This was error.  "Where no amount of damages is demanded any amount awarded is by definition greater than the amount demanded."  (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 830–831.)

Admittedly, plaintiff alleges in one paragraph that he is owed $69,722.  This allegation is insufficient.  While "[d]emands for relief may be made in *any* part of the complaint, not just in the prayer for relief . . . they must be demands for relief; 'allegations of fact which [happen to] include numbers' will not count.  [Citation.]"  (*Sass v. Cohen, supra,* 32 Cal.App.5th at p. 1046.)  Fairly reading the entire complaint (*In re Application of Pappas* (1922) 57 Cal.App. 438, 441 ["the entire complaint must be examined and it must be interpreted in the light of all of its allegations"]), plaintiff's allegation (even with the supporting copy of a mechanic's lien), made almost in passing, is insufficient to put defendant on notice that plaintiff was actually seeking a judgment of monetary damages in that amount, particularly because the complaint does not allege a cause of action to support an award of monetary damages.

In denying defendant's motion to vacate, the trial court relied upon *Sass v. Cohen*, *supra*, 32 Cal.App.5th at pages 1041–1042.  That case is readily distinguishable.  In that case, the plaintiff alleged seven causes of action against the defendant,

4

including a request for an accounting and claims for breach of contract, fraud, and fraudulent transfer. (*Sass v. Cohen, supra,* at pp. 1036–1037.) Throughout her pleading, she sought various monetary damages in specified sums, including "her 'share of profits'" in a home "'in excess of $300,000,'" "'no less than $3,000,000, which represents 50% of the fair market value of'" a different house, "'at least the sum of $700,000,'" representing certain revenue she brought to a particular company, and $25,000 for stock in a restaurant and lounge. (*Id.* at p. 1037.) In the prayer for relief, the plaintiff asked for damages "'in a sum to be proven at trial.'" (*Ibid.*)

After the defendant's default was entered, the plaintiff sought and obtained a default judgment. (*Sass v. Cohen, supra,* 32 Cal.App.5th at pp. 1037–1038.) The defendant moved to vacate the judgment on the grounds that the relief granted exceeded that demanded in the operative pleading. (*Id.* at p. 1038.) The trial court denied the defendant's motion, and he appealed. (*Id.* at p. 1039.)

The Court of Appeal vacated the default judgment to the extent it awarded compensatory damages in excess of the amount demanded in the operative pleading. (*Sass v. Cohen, supra,* 32 Cal.App.5th at p. 1046.) Because "the aggregate amount of compensatory damages demanded in" the operative pleading was $987,500, but "[t]he default judgment awarded [her] $2,806,532 in compensatory damages plus a constructive trust," the default judgment exceeded the amount of compensatory damages demanded by $1,819,032 and was void to that extent. (*Ibid.*)

Our Supreme Court affirmed the appellate court judgment, reaffirming that "in cases in which a plaintiff seeks money damages, [Code of Civil Procedure] section 580 limits a plaintiff's

5

relief in default to the dollar amount that has been *demanded* in the operative pleading." (*Sass v. Cohen* (2020) 10 Cal.5th 861, 878, italics added.) In reaching this conclusion, the Supreme Court noted that "[t]he standard forms that litigants must file for entry or judgment of default, . . . which must be completed and filed before default may be taken, make clear that plaintiffs are required to state a specific dollar amount as the relief demanded." (*Ibid*.; see also *National Diversified Services, Inc. v. Bernstein* (1985) 168 Cal.App.3d 410, 417–418 [a complaint's demand for damages in excess of $10,000 was insufficient to enter a default judgment of over $56,000 when neither the complaint's prayer or allegations in the body nor the request to enter default identified the amount of damages sought].)

Here, plaintiff did not demand any specific dollar amount in his complaint. Although he did allege in one paragraph that he is owed $69,722, that allegation is insufficient in light of the facts that (1) the complaint only seeks to quiet title and does not plead a cause of action that would support an award of monetary damages, (2) the prayer only requests rightful title and not any amount of monetary damages, let alone damages in an amount to be proven at trial, and (3) the standard form requesting entry of defendant's default does not specifically set forth the dollar amount sought as damages.

We recognize that "[v]acating the default judgment has no necessary effect on the underlying default and simply returns the defendant to the default status quo ante. [Citation.] Ordinarily when a judgment is vacated on the ground [that] the damages awarded exceeded those pled, the appropriate action is to modify the judgment to the maximum amount warranted by the complaint. [Citations.]" (*Ostling v. Loring* (1994) 27 Cal.App.4th

6

1731, 1743.) Here, however, the complaint did not assert a cause of action to support an award of damages or specify any amount of damages; plaintiff only sought to quiet title. If plaintiff seeks judgment on his quiet title claim, the matter must proceed in accordance with Code of Civil Procedure section 764.010, which mandates an evidentiary hearing even in cases of default. (See, e.g., *Bailey v. Citibank, N.A.* (2021) 66 Cal.App.5th 335, 347.) Alternatively, on remand, the trial court may give plaintiff the option of amending his complaint to include any omitted claims and type of relief, i.e., monetary damages, but in doing so granting defendant a further opportunity to avoid default by responding to the amended complaint. (*Sass v. Cohen*, *supra*, 10 Cal.5th at p. 880.)

## DISPOSITION

The order denying defendant's motion to vacate the judgment is reversed. Defendant is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, Acting P. J.
ASHMANN-GERST

We concur:

_____, J.
CHAVEZ

_____, J.
HOFFSTADT

7